■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN VILLANOVA, Appellant.

Defendant concedes that the suppression court correctly denied his request to call the complainant as a witness at the *Wade* hearing *(People v Peterkin,* 151 AD2d 407, *affd* 75 NY2d 985). He contends, however, that the trial court erred in denying his request to reopen the *Wade* hearing when the complainant and his friend both testified, contrary to the police officers' testimony and the prosecutor's representations at the hearing, that they were escorted to the scene of the show-up by other police officers in order to identify the individuals who had been apprehended. In view of this testimony, defendant satisfied his burden under CPL 710.40 (4) of raising newly discovered pertinent facts warranting further inquiry at a hearing *(People v Olmo,* 153 AD2d 544). However, any error in failing to reopen the hearing was harmless, there being overwhelming evidence of guilt even without the identifications. The police officers arriving at the scene of the robbery observed defendant and his companions fleeing, and pursued them until they were caught approximately a block away; the victim and his friend confirmed that the men who fled, with the police in pursuit, were the robbers; the knife used to threaten the victim, and the money taken from him, were recovered, with defendant admitting that the knife was his.

The testimony concerning the actions of defendant's companions who attempted to steal the jacket from the complainant's friend at the top of the subway entrance, while defendant was robbing the complainant at the bottom of the steps, was not inadmissible evidence of uncharged crimes. Rather, it was admissible to place the events in a proper context and complete the narrative of the incident in a comprehensible fashion *(People v Mendez,* 165 AD2d 751, *lv denied* 77 NY2d 880). Moreover, the court gave appropriate instructions, to which defendant did not object, concerning the purpose of this testimony. Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.