■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALI MANICK, Appellant.—Judgment, Supreme Court, Bronx County (Stephen Lloyd Barrett, J., at suppression hearing; Antonio I. Brandveen, J., at trial without jury), rendered July 8, 1991, convicting defendant of attempted murder in the second degree, two counts of criminal use of a firearm in the first degree, and criminal possession of a weapon in the second

and third degrees and which sentenced him to indeterminate terms of imprisonment of 8⅓ to 25 years for the attempted murder and first degree criminal use of a firearm counts, 5 to 15 years for the second degree criminal possession of a weapon count, and 2⅓ to 7 years for the third degree criminal possession of a weapon count, all to be served concurrently, unanimously affirmed.

The complainant identified defendant to police officers stating "the man in the green jacket just pulled a gun out on me." When observed by the officers defendant fled and the officers gave chase. The officers lost sight of defendant and split up so as to conduct a search of the neighborhood. Officer Finnegan's attention was alerted by a gunshot and he observed defendant discharge a pistol three more times. The officer again lost sight of defendant as he went to check on the safety of his partner. Immediately thereafter, Officer Finnegan received a radio call to respond to the scene of an arrest. Upon his arrival, Officer Finnegan identified defendant to the arresting officers as the man he had seen discharge the pistol. As defendant was led away, complainant stated that defendant was the person who had shot at him.

Defendant was not entitled to a CPL 710.30 notice of Officer Finnegan's showup identification and even if he were, a reversal is not warranted in light of the strong identification testimony of the intended victim, and the absence of the likelihood of irreparable misidentification by the intended victim or officer. Concur—Murphy, P. J., Carro, Rosenberger and Asch, JJ.