■ The People of the State of New York, Respondent, v Robert Gaines, Appellant. [601 NYS2d 915] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered October 18, 1991, convicting defendant of robbery in the first and second degrees, and sentencing him to concurrent terms of 4½ to 9 and 3 to 6 years, respectively, unanimously affirmed.

Defendant was accused of a robbery committed with accomplices on September 18, 1990, at a mini-market located on 7th Avenue and 115th Street in Manhattan. Sayed, an employee, recognized defendant, a regular customer, as one of the robbers. On May 23, 1991, one of the store employees who had *not* been present on the day of the robbery telephoned Sayed and told him that he had just seen defendant outside the store. Sayed drove to the store and saw defendant, dressed in green army camouflage clothing. Police officers were called, and together with Sayed canvassed the area. When one of the officers directed Sayed's attention to a person wearing camouflage clothing, Sayed immediately identified that person as the defendant.

The fundamental issue with respect to the pretrial identification is whether the limited police involvement in the identification procedure created a risk of an improper influence or suggestion, such that a danger arises that an innocent person will be convicted *(People v Adams,* 53 NY2d 241, 251). It has been observed that "there can be no objection to permitting a victim to canvass an area for her attacker" *(People v Edmonson,* 75 NY2d 672, 679, *cert denied* 498 US 1001). Here, the search itself was initiated by Sayed, who had already seen and identified defendant *before* the arrival of the officers. The officer merely pointed out a person dressed as Sayed had just described; defendant was standing on the street, and not handcuffed, in custody, or otherwise made to appear to be a suspect. Nor, rationally, could Sayed have understood the officer's conduct as conveying any personal belief, on the part of the officer, that the person dressed in camouflage was a suspect. The mere fact that the officer directed Sayed's attention to defendant does not carry any taint of suggestiveness. Assuming, arguendo, that admission of the testimony of the pre-trial identification was error, no possible trial prejudice could have occurred, in view of defendant's testimony at trial that he was present in the store on the night of the robbery, and the witness's prior familiarity with defendant.

Admission of testimony by the employee not present on the night of the robbery, that he had called Sayed and alerted him to defendant's return to the neighborhood, could not have prejudiced the defendant on the theory that it constituted inferential bolstering, given the strong identification testimony admitted on the People's case.

We find no error warranting reversal on summation. Concur —Sullivan, J. P., Carro, Ellerin, Kassal and Nardelli, JJ.