■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. HINES, Appellant. [628 NYS2d 297] —Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered July 15, 1993, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Approximately four weeks after a robbery, the complainant notified the police that he had seen his assailants in his neighborhood. The police canvassed the neighborhood with the complainant but could not locate the suspects. After the complainant gave the police a detailed description of his assailants, including the clothing that they were wearing, the police took the complainant home and continued to patrol his neighborhood. Approximately one hour later, the police responded to the scene of a disturbance in the complainant's neighborhood and saw a crowd of 25 to 30 youths in a parking lot. Upon determining that two of the youths matched the description of the suspects that had been given to them by the complainant, the police drove the complainant to the parking lot where he identified the defendant and his codefendant.

The police officer's statement to the complainant that he may have located the complainant's assailants did not render the identification procedure suggestive since the officer did not direct the complainant's attention to any particular youth

who was in the crowd *(see, e.g., People v Gaines,* 196 AD2d 740). Thus, the record supports the hearing court's determination that the complainant's identification of the defendant was not the product of an impermissibly suggestive identification procedure *(see, e.g., People v Clark,* 85 NY2d 886; *cf., People v Dixon,* 85 NY2d 218).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., O'Brien, Thompson and Hart, JJ., concur.