OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified by remitting the case to Supreme Court, New York County, for a
 
 Wade
 
 hearing and, as so modified, affirmed. If it is determined at the
 
 Wade
 
 hearing that police suggestiveness tainted the showup identification procedure, defendant is entitled to a new trial. If the People prevail at the
 
 Wade
 
 hearing, the judgment of conviction and sentence should be amended to reflect that result.
 

 
 *730
 
 Defendant, handcuffed and surrounded by police officers in a stairwell after he was apprehended, was identified by a robbery victim as the assailant. The victim was robbed of jewelry, allegedly at gunpoint, several blocks away in the elevator of the building in which he resided. The victim and his sister informed police officers stationed nearby of this incident and accompanied the officers in their marked police car as they canvassed the adjacent block for the perpetrator. The victim pointed out the person he thought was the robber, and upon the approach by the police in the marked car, the suspected robber ran off. One of the officers pursued that person, who was wearing a brown sheepskin jacket and black baseball hat, on foot and followed him into an apartment building. By this time, a backup team of officers had arrived on the scene, and fanned out to search the building. The jacket and hat were recovered in a hallway on the third floor. The individual was apprehended in the stairwell, and was presented to the victim on the ground floor landing of the stairwell. Following identification by the victim, defendant was arrested. Neither a gun nor the stolen jewelry was recovered.
 

 The trial court improperly concluded without a
 
 Wade
 
 hearing that the victim’s identification of defendant was free of police suggestion
 
 (see, People v Dixon,
 
 85 NY2d 218, 224). Although the victim initiated the police chase once he pointed out his alleged assailant, the resultant showup does not fit into the category of confirmatory identifications that are recognized as exceptions to the general requirement of a
 
 Wade
 
 hearing
 
 (see, People v Dixon,
 
 85 NY2d, at 223-224,
 
 supra; People v Wharton,
 
 74 NY2d 921, 922;
 
 People v Gissendanner,
 
 48 NY2d 543, 552).
 

 Absent a hearing, it is impossible to discern whether the police had any influence on the victim during the pursuit immediately following the robbery, or to evaluate the effect on the identification procedure of the time the victim spent waiting in the police car outside the building while the police were searching for the perpetrator inside, or to determine the circumstances of the showup itself. Therefore, the courts below had no basis to determine that the police-arranged showup was free of taint, and that the victim was impervious to police suggestion
 
 (see, People v Dixon,
 
 85 NY2d, at 224-225,
 
 supra).
 
 The determination of whether the showup procedure employed in this case resulted in an unduly suggestive identification is a matter for the
 
 Wade
 
 hearing.
 

 
 *731
 
 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order modified by remitting to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.