■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK JAMES, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE SCOTT, Appellant. [633 NYS2d 280] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered January 15, 1993, convicting defendants, after a jury trial, of robbery in the first and second degrees, assault in the first degree and criminal possession of a weapon in the second degree, and sentencing them, as second violent felony offenders, to concurrent terms of 12 1/2 to 25 years and three terms of 7 1/2 to 15 years, respectively, unanimously affirmed.

The jury's verdict as to each defendant was based on overwhelming evidence.

We reject defendants' contention that they were entitled to CPL 710.30 notice and a *Wade* hearing as to identifications made by two police officers. One police officer pursued defendants as they ran from a car and jumped over a wall into Central Park, lost sight of them, but, moments later, identified each in the custody of the apprehending officers. The other police officer also saw the defendants exit the car and climb the wall, but he remained at the vehicle with a third suspect until one of the defendants was apprehended and returned to that location. The identifications made by both of these trained officers at the location of the defendants' apprehension, and at the precinct, were sufficiently connected and contemporaneous in both time and location to the defendants' arrest as to constitute the ordinary and proper completion of an integral police procedure (*People v Manick*, 190 AD2d 624, *lv denied* 81 NY2d 1016; *see, People v Wharton*, 74 NY2d 921; *cf., People v Dixon*, 85 NY2d 218).

Defendant James' claim that he was improperly excluded from a voir dire sidebar conference does not require reversal since the voir dire in this case preceded decision in *People v Antommarchi* (80 NY2d 247) recognizing such right (*People v Mitchell*, 80 NY2d 519), and the factors which would support a challenge under *People v Sloan* (79 NY2d 386) are not present here.

Since the toy gun recovered at the scene of the crime, in close proximity to the victim's handbag, as well as to the getaway car, may have been an additional instrumentality of the crime, it tended to prove a material fact (*People v Scarola*, 71 NY2d 769, 777), and was properly introduced into evidence.

We reject defendant James' challenge to the constitutionality of his predicate felony conviction (*see, People v Harris*, 61 NY2d 9).

We have considered defendants' remaining claims and find them to be meritless. Concur—Rosenberger, J. P., Ellerin, Wallach and Tom, JJ.