560

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JUAN CORCHADO, Appellant. [638 NYS2d 766]

The People concede, and we agree, that it was error to summarily deny the defendant's request for a *Wade* hearing with respect to witnesses Sergio Alvarez and Hector Toste. A canvas of a crime area with Alvarez in the police car, during which Alvarez spotted the defendant, was an "identification procedure undertaken at the 'deliberate direction of the State'" (*People v Dixon*, 85 NY2d 218, 223, citing CPL 710.30). Consequently, the suppression court's summary denial of the defendant's request for a *Wade* hearing to inquire into the circumstances surrounding Alvarez's identification was improper (*see, People v Dixon, supra*, at 220). In addition, the so-called "point-out" identification of the defendant made by Toste, which took place when he observed the defendant in the rear seat of a police vehicle, does not fit into the category of confirmatory viewings which are recognized as exceptions to the general requirement of a *Wade* hearing (*see, People v Dixon, supra*, at 223-224; *People v Wharton*, 74 NY2d 921).

There is, however, no need to conduct a *Wade* hearing with respect to the identification of the defendant by the witness Anthony Porter since the record establishes that the defendant and this witness were previously known to one another (*see, People v Dixon, supra; People v Gissendanner*, 48 NY2d 543). O'Brien, J. P., Copertino, Santucci and Krausman, JJ., concur.