In the Matter of JAMAR S., a Person Alleged to be a Juvenile Delinquent, Appellant. [643 NYS2d 100]

The victim's out-of-court identification of respondent, given as evidence in chief pursuant to Family Court Act § 343.3, should have been the subject of a *Wade* hearing, since it took place while the victim and police were canvassing the crime area, and the presentment agency did not establish, as a matter of law, that the identification was free from the risk of police suggestion (*People v Dixon*, 85 NY2d 218, 220). The presentment agency's argument that *Dixon* should not be applied retroactively is contrary to its own previously stated position in this regard (*Matter of Jonitta C.*, 214 AD2d 379), at least one District Attorney's stated position (*People v Corchado*, 225 AD2d 560), and a Court of Appeals precedent, coming out of this Department, that applied *Dixon* retroactively, apparently without argument (*People v Brown*, 86 NY2d 728). Concur—Milonas, J. P., Rosenberger, Ross and Tom, JJ.