88 N.Y.2d 552 (1996)
670 N.E.2d 980
647 N.Y.S.2d 479
The People of the State of New York, Respondent,
v.
Erick Clark, Appellant.
Court of Appeals of the State of New York.
Argued June 5, 1996.
Decided July 2, 1996.
Kevin F. Casey, New York City, and Daniel L. Greenberg for appellant.
Charles J. Hynes, District Attorney of Kings County, Brooklyn (Ruth E. Ross and Roseann B. MacKechnie of counsel), for respondent.
Chief Judge KAYE and Judges SIMONS, SMITH and LEVINE concur with Judge BELLACOSA; Judge TITONE dissents in a separate opinion in which Judge CIPARICK concurs.
*553 BELLACOSA, J.
The sole issue on this appeal is whether the trial court acted within its legislatively prescribed discretion in denying defendant's application to reopen its pretrial Wade determination (CPL 710.40 [4]; see, People v Fuentes, 53 N.Y.2d 892). The Appellate Division affirmed defendant's conviction for attempted robbery, after a jury trial, and a Judge of this Court granted leave to appeal. We conclude that the Appellate Division did not err in affirming the trial court's ruling, which denied the application at trial to reopen the Wade hearing and determination.
*554 At approximately 11:00 A.M. on April 20, 1992, victim Ronald Cuocolo was making a delivery at a warehouse in Brooklyn when he was accosted in an interior corridor. The perpetrator demanded money from him and when he refused, a struggle ensued during which Cuocolo was injured. The perpetrator fled the building with Cuocolo and other occupants who had been alerted to the incident in pursuit. During the brief chase, Cuocolo came upon police officers who joined the chase by following Cuocolo. When Cuocolo caught up to the perpetrator outside a vacant lot about two blocks from the attack, he motioned towards his attacker, who was standing on the sidewalk. The police then made the arrest.
The People properly notified defendant pursuant to CPL 710.30 (1) (b) that Cuocolo had identified the defendant in a "corporeal non-lineup." Defendant by omnibus motion moved for suppression of the victim's identification and a Wade hearing was granted.
The arresting officer was the only witness at the hearing. He testified that within 10 minutes after the robbery, the victim pointed out the accused by shouting, "That's him. That's him." The officer recollected that the victim was in the back seat of the patrol car at that time. The hearing court denied suppression of the victim's identification, finding no taint of police suggestiveness, and ruled that the victim could testify to the identification at trial. No question is raised concerning the correctness of this determination made after the hearing.
At the close of the People's opening statement at trial, however, defendant orally renewed the motion to suppress the victim's identification to be made at trial or, in the alternative, to reopen the Wade hearing. Defense counsel had become aware at that time that the victim had testified to the Grand Jury (as he later did at the trial as well) that he immediately initiated pursuit of the fleeing perpetrator, right after the attempted robbery and assault. He used his own car, with the police joining the uninterrupted chase within minutes and following in their patrol car.
Defense counsel claimed that the discrepancy between the transcript of the victim's Grand Jury account of the chase and the arresting officer's Wade hearing version warranted suppression or a reopened Wade hearing. This variation is the sole basis for the application. Notably, this circumstance and issue are materially distinguishable from People v Geaslen (54 N.Y.2d 510), relied upon by the dissent in its analysis of and application to this appeal.
*555 The trial court denied defendant's motion essentially for the reason that the confusion was not "pertinent" to the issue of suggestiveness. It acknowledged, however, and weighed the differences between the two witnesses' testimony, developed in procedurally distinct pretrial settings, concerning the location of the victim at the time he caught up to his attacker to make the street identification that led to the accused's apprehension by the police.
CPL 710.40 (4) provides:
"If after a pre-trial determination and denial of the motion the court is satisfied, upon a showing by the defendant, that additional pertinent facts have been discovered by the defendant which he could not have discovered with reasonable diligence before the determination of the motion, it may permit him to renew the motion before trial or, if such was not possible owing to the time of the discovery of the alleged new facts, during trial" (emphasis added).
The operative phrase, establishing the threshold consideration under this statute for this type of application seeking a Wade revisitation, is "additional pertinent facts." In construing and applying this statutory prescription to the record of this case, this Court cannot say as a matter of law  as the dissent would  that the victim's Grand Jury testimony compelled a grant of relief. The statute contains no mandate that such facts must be found to be outcome-determinative or "essential" nor is any other prescribed template required. To be sure, all such features may be considered within the ambit of the discretionary weighing reposed in the trial court in ruling on a CPL 710.40 (4) application.
We agree, without promulgating a rigid formula, that the particular standard of "additional pertinent facts" does not require defendant-movant in such circumstances to introduce facts which on their face establish the suggestiveness of the original street identification. The statutory standard does require, though, at least that the facts asserted be "pertinent" to the issue of official suggestiveness such that they would materially affect or have affected the earlier Wade determination (see, People v Newball, 76 N.Y.2d 587, 590-591; People v Gissendanner, 48 N.Y.2d 543, 552). Otherwise, the distinctive statutory standard would be no standard at all. The trial court did not abuse its discretion in finding that such pertinent facts *556 were not tendered in this case, and the record and the statute do not compel a contrary conclusion and reversal as a matter of law.
As this Court stated in refusing to disturb the lower courts' exercise of discretion under this very section in People v Fuentes (53 N.Y.2d 892, supra), a "trial court may reopen a pretrial hearing if it `is satisfied, upon a showing by the defendant, that additional pertinent facts have been discovered by the defendant * * * with reasonable diligence before the determination' of his pretrial application" (id., at 894 [emphasis added] [citation omitted]). To suggest here that this standard was met as a matter of law and that the victim-initiated and uninterrupted chase, culminating in the apprehension of this perpetrator was a police-arranged procedure (dissenting opn, at 559), as a matter of law also, compelling a reopening of the Wade hearing, goes well beyond what this record presented to the trial court and Appellate Division.
Thus, the Appellate Division, guided by this Court's most pertinent and governing precedent, had a proper basis to affirm the trial court's discretionary ruling as within the statutory range of its authority (People v Fuentes, supra; contrast, People v Dixon, 85 N.Y.2d 218, 223-224 [where no Wade hearing whatsoever was initially afforded defendant]).
Accordingly, the order of the Appellate Division should be affirmed.
TITONE, J. (dissenting).
I cannot join the majority's conclusion that the application to reopen the Wade hearing was properly denied because defendant failed to raise new facts that were pertinent to suggestiveness. In my view, the obligation of a defendant under CPL 710.40 (4) to raise "additional pertinent facts" was met here by the Grand Jury testimony which undermined facts that were essential to the denial of the motion to suppress and called into question the outcome of the suppression hearing. Accordingly, I respectfully dissent.
Defendant was initially granted a Wade hearing to test whether any police suggestiveness tainted the victim's out-of-court identification of him on the street shortly after the crime had occurred. Testimony provided by a prosecution witness at the hearing established that the police-arranged procedure involved a police-car canvassing of the neighborhood near the crime scene with the victim seated in the back seat of the patrol car. In describing the procedure at length, the police *557 witness specifically stated that he and his partner placed the complainant in their police car and drove the complainant towards the area where he had been robbed, and that as they were driving the complainant yelled "There he goes" or "that's him." The officer stated that he then exited his car, stopped the person that the complainant had pointed to, waited for the complainant to exit the car and identify the individual stopped as the perpetrator, and then placed him under arrest. The defense extensively questioned the officer on this specific identification procedure to determine if it was tainted by any improper suggestion.
The officer's testimony was fraught with inconsistencies about the victim's statements to the police in the patrol car and he admitted that he was confusing this case with another. Defense counsel moved to suppress on the ground that the witness was so incredible and unreliable that "we are not even at the issue of suggestiveness." The court found that no official suggestiveness tainted the identification and denied the motion to suppress, citing the facts that the complainant rode in the back of the police car and yelled out when he spotted defendant.
Defendant sought to reopen the Wade hearing after he learned during the prosecution's opening that the complainant had testified in the Grand Jury that he, in fact, had not been riding in the police car, but instead was driving his own car during the canvassing procedure. During the Grand Jury proceedings, the complainant had testified that he was travelling in his car, that the police were following in the patrol car, and that he saw defendant "a short distance from the building." He then testified: "I got out of the car, the police exited the car and then the police approached him." It is not clear whether the complainant spoke before or after the police approached defendant.
The People contend that the new facts raised in support of defendant's motion to reopen the Wade hearing were not "pertinent" within the meaning of CPL 710.40 (4) because "none * * * revealed even the slightest suggestiveness in the manner in which he was identified and thus did not afford any new basis for the suppression of his identification." This claim misses the mark.
First, I do not believe that the facts brought forth by defendant need on their face establish the suggestiveness of the *558 actual identification procedure to satisfy CPL 710.40 (4).[1] I also cannot agree with the majority that the defendant seeking to reopen a Wade hearing should be required to show facts that are "pertinent" to the issue of official suggestiveness.[2] Whether an identification procedure is tainted by suggestiveness is a determination that can only be made after a Wade hearing  the specific proceeding designed to elicit such facts  and not by testimony elicited at other hearings, such as Grand Jury proceedings, that are directed at the resolution of different issues. Thus, by engrafting onto the statute the requirement that the movant allege new facts that relate to police suggestion, the People and the majority here would prematurely place a burden of proof on the moving defendant that is nearly impossible to meet at that point in time.
In my view, the statutory requirement of "additional pertinent facts" is met where the newly discovered facts call into question the outcome of the proceeding or significantly undermine any of the facts that are essential or material to the hearing court's determination on the defendant's original motion. Defendant has met this burden.
The Grand Jury testimony did far more than merely cast doubt on the credibility of the officer who testified at the suppression hearing. Rather, the testimony calls into question the outcome of the hearing because it establishes that its focus was on an identification procedure that never occurred. The People attempt to minimize the significance of the new facts revealed by defining the two contradictory versions of the streetside point-out as differing in only "one detail"  that two cars were used instead of one. That single detail has great significance to *559 defendant, however, because it indicates that he had no opportunity to test at a Wade hearing the identification procedure that was actually employed and which the majority here itself has characterized as "procedurally distinct" (see, majority opn, at 555).
Additionally, the suppression court's assessment that no police taint affected the identification was based on the police officer's testimony concerning conversations that purportedly took place in the police car between the testifying officer and the complainant. However, because the Grand Jury testimony revealed that a two-car canvassing was employed, those conversations could never have taken place and facts essential to the court's determination of the motion were thereby undermined.
Indeed, there is no doubt that defendant would have been entitled to test the two-car canvassing procedure actually employed at a Wade hearing in the first instance. While it is true that a suppression motion may be summarily denied if the identification procedure was not "police-arranged" (see, People v Dixon, 85 N.Y.2d 218, 222), that rule has no application to this case. The victim's Grand Jury testimony here established that the police undertook canvassing measures to enable the victim to make an identification. Regardless of whether the victim was travelling in the police car or his own car, the fact remains that the police escorted the complainant to the crime scene and the procedure was orchestrated by police for the purpose of obtaining an identification of the suspect from the victim. Thus, the identification procedure was police arranged (id., at 223). That a canvassing in two cars rather than one presents less of an occasion for police suggestion provides no satisfactory reason to deny a Wade hearing because the two-car procedure is still police sponsored, and still affords an opportunity for official taint that the defendant has a right to test under CPL 710.60.
Additionally, the suppression motion could not have been summarily denied pursuant to CPL 710.60 (3) in the first instance because of any deficiencies in the factual allegations advanced in support of suppression. A defendant is normally "not in a position to know whether challengeable identification techniques were employed" (see, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 710.60, at 278-279) and thus is not required to allege such facts in the moving papers (People v Dixon, 85 NY2d, at 222, supra; People v Mendoza, 82 N.Y.2d 415, 429).
*560 Accordingly, I believe that defendant has met his burden under CPL 710.40 (4) of showing that "additional pertinent facts have been discovered * * * which he could not have discovered with reasonable diligence before the determination of the motion." Because the Grand Jury testimony of the complainant undermined the facts that formed the basis of the court's denial of the motion to suppress and because defendant was never able to exercise his right under CPL 710.60 to subject the actual identification procedure employed to adversarial testing, further inquiry at a Wade hearing is warranted (People v Villanova, 179 AD2d 381). Thus, in my view, the trial court abused its discretion in denying defendant's application to reopen the Wade hearing where it could not be determined without the benefit of a new hearing whether any police taint infected the actual identification procedure.
Order affirmed.
NOTES
[1] The trial court here erroneously concluded that it was precluded from considering the complainant's Grand Jury testimony as "additional pertinent facts." In fact, in People v Geaslen (54 N.Y.2d 510), this Court relied on a witness' Grand Jury testimony in ordering a new suppression hearing where that testimony was inconsistent with a parole officer's suppression hearing testimony which had served as the basis for the trial court's denial of the motion.
[2] By holding that the newly discovered facts must be pertinent to the issue of suggestiveness, the Court suggests that the burden can only be met where facts are revealed that indicate improper police conduct  even though those facts cannot be known without the benefit of a Wade hearing. Such a requirement would preclude reopening of a Wade hearing, for example, where new facts show that an identification procedure previously believed to have been initiated solely by the witness was, in fact, police sponsored, but the defendant did not know at the time of the application to reopen whether any improper police conduct tainted the actual identification. Surely such a restrictive interpretation of CPL 710.40 (4) could not have been intended.