Titone, J.
(dissenting). I cannot join the majority’s conclusion that the application to reopen the Wade hearing was properly denied because defendant failed to raise new facts that were pertinent to suggestiveness. In my view, the obligation of a defendant under CPL 710.40 (4) to raise "additional pertinent facts” was met here by the Grand Jury testimony which undermined facts that were essential to the denial of the motion to suppress and called into question the outcome of the suppression hearing. Accordingly, I respectfully dissent.
Defendant was initially granted a Wade hearing to test whether any police suggestiveness tainted the victim’s out-of-court identification of him on the street shortly after the crime had occurred. Testimony provided by a prosecution witness at the hearing established that the police-arranged procedure involved a police-car canvassing of the neighborhood near the crime scene with the victim seated in the back seat of the patrol car. In describing the procedure at length, the police *557 witness specifically stated that he and his partner placed the complainant in their police car and drove the complainant towards the area where he had been robbed, and that as they were driving the complainant yelled "There he goes” or "that’s him.” The officer stated that he then exited his car, stopped the person that the complainant had pointed to, waited for the complainant to exit the car and identify the individual stopped as the perpetrator, and then placed him under arrest. The defense extensively questioned the officer on this specific identification procedure to determine if it was tainted by any improper suggestion.
The officer’s testimony was fraught with inconsistencies about the victim’s statements to the police in the patrol car and he admitted that he was confusing this case with another. Defense counsel moved to suppress on the ground that the witness was so incredible and unreliable that "we are not even at the issue of suggestiveness.” The court found that no official suggestiveness tainted the identification and denied the motion to suppress, citing the facts that the complainant rode in the back of the police car and yelled out when he spotted defendant.
Defendant sought to reopen the Wade hearing after he learned during the prosecution’s opening that the complainant had testified in the Grand Jury that he, in fact, had not been riding in the police car, but instead was driving his own car during the canvassing procedure. During the Grand Jury proceedings, the complainant had testified that he was travel-ling in his car, that the police were following in the patrol car, and that he saw defendant "a short distance from the building.” He then testified: "I got out of the car, the police exited the car and then the police approached him.” It is not clear whether the complainant spoke before or after the police approached defendant.
The People contend that the new facts raised in support of defendant’s motion to reopen the Wade hearing were not "pertinent” within the meaning of CPL 710.40 (4) because "none * * * revealed even the slightest suggestiveness in the manner in which he was identified and thus did not afford any new basis for the suppression of his identification.” This claim misses the mark.
First, I do not believe that the facts brought forth by defendant need on their face establish the suggestiveness of the *558 actual identification procedure to satisfy CPL 710.40 (4).[1] 1 also cannot agree with the majority that the defendant seeking to reopen a Wade hearing should be required to show facts that are "pertinent” to the issue of official suggestiveness.[2] Whether an identification procedure is tainted by suggestiveness is a determination that can only be made after a Wade hearing — the specific proceeding designed to elicit such facts — and not by testimony elicited at other hearings, such as Grand Jury proceedings, that are directed at the resolution of different issues. Thus, by engrafting onto the statute the requirement that the movant allege new facts that relate to police suggestion, the People and the majority here would prematurely place a burden of proof on the moving defendant that is nearly impossible to meet at that point in time.
In my view, the statutory requirement of "additional pertinent facts” is met where the newly discovered facts call into question the outcome of the proceeding or significantly undermine any of the facts that are essential or material to the hearing court’s determination on the defendant’s original motion. Defendant has met this burden.
The Grand Jury testimony did far more than merely cast doubt on the credibility of the officer who testified at the suppression hearing. Rather, the testimony calls into question the outcome of the hearing because it establishes that its focus was on an identification procedure that never occurred. The People attempt to minimize the significance of the new facts revealed by defining the two contradictory versions of the streetside point-out as differing in only "one detail” — that two cars were used instead of one. That single detail has great significance to *559 defendant, however, because it indicates that he had no opportunity to test at a Wade hearing the identification procedure that was actually employed and which the majority here itself has characterized as "procedurally distinct” (see, majority opn, at 555).
Additionally, the suppression court’s assessment that no police taint affected the identification was based on the police officer’s testimony concerning conversations that purportedly took place in the police car between the testifying officer and the complainant. However, because the Grand Jury testimony revealed that a two-car canvassing was employed, those conversations could never have taken place and facts essential to the court’s determination of the motion were thereby undermined.
Indeed, there is no doubt that defendant would have been entitled to test the two-car canvassing procedure actually employed at a Wade hearing in the first instance. While it is true that a suppression motion may be summarily denied if the identification procedure was not "police-arranged” (see, People v Dixon, 85 NY2d 218, 222), that rule has no application to this case. The victim’s Grand Jury testimony here established that the police undertook canvassing measures to enable the victim to make an identification. Regardless of whether the victim was travelling in the police car or his own car, the fact remains that the police escorted the complainant to the crime scene and the procedure was orchestrated by police for the purpose of obtaining an identification of the suspect from the victim. Thus, the identification procedure was police arranged (id., at 223). That a canvassing in two cars rather than one presents less of an occasion for police suggestion provides no satisfactory reason to deny a Wade hearing because the two-car procedure is still police sponsored, and still affords an opportunity for official taint that the defendant has a right to test under CPL 710.60.
Additionally, the suppression motion could not have been summarily denied pursuant to CPL 710.60 (3) in the first instance because of any deficiencies in the factual allegations advanced in support of suppression. A defendant is normally "not in a position to know whether challengeable identification techniques were employed” (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 710.60, at 278-279) and thus is not required to allege such facts in the moving papers (People v Dixon, 85 NY2d, at 222, supra; People v Mendoza, 82 NY2d 415, 429).
*560 Accordingly, I believe that defendant has met his burden under CPL 710.40 (4) of showing that "additional pertinent facts have been discovered * * * which he could not have discovered with reasonable diligence before the determination of the motion.” Because the Grand Jury testimony of the complainant undermined the facts that formed the basis of the court’s denial of the motion to suppress and because defendant was never able to exercise his right under CPL 710.60 to subject the actual identification procedure employed to adversarial testing, further inquiry at a Wade hearing is warranted (People v Villanova, 179 AD2d 381). Thus, in my view, the trial court abused its discretion in denying defendant’s application to reopen the Wade hearing where it could not be determined without the benefit of a new hearing whether any police taint infected the actual identification procedure.
Chief Judge Kaye and Judges Simons, Smith and Levine concur with Judge Bellacosa; Judge Titone dissents in a separate opinion in which Judge Ciparick concurs.
Order affirmed.

. The trial court here erroneously concluded that it was precluded from considering the complainant’s Grand Jury testimony as "additional pertinent facts.” In fact, in People v Geaslen (54 NY2d 510), this Court relied on a witness’ Grand Jury testimony in ordering a new suppression hearing where that testimony was inconsistent with a parole officer’s suppression hearing testimony which had served as the basis for the trial court’s denial of the motion.

. By holding that the newly discovered facts must be pertinent to the issue of suggestiveness, the Court suggests that the burden can only be met where facts are revealed that indicate improper police conduct — even though those facts cannot be known without the benefit of a Wade hearing. Such a requirement would preclude reopening of a Wade hearing, for example, where new facts show that an identification procedure previously believed to have been initiated solely by the witness was, in fact, police sponsored, but the defendant did not know at the time of the application to reopen whether any improper police conduct tainted the actual identification. Surely such a restrictive interpretation of CPL 710.40 (4) could not have been intended.