■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED ALERS, Appellant. [651 NYS2d 537] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered March 8, 1995, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, criminal possession of a weapon in the fourth degree, and attempted assault in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence. Justice Goldstein has been substituted for the late Justice Hart (see, 22 NYCRR 670.1 [c]).

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

In opposition to the defendant's motion to suppress prospective identification testimony, the People revealed that after the robbery, the complainant flagged down a police vehicle and was taken on a canvass which resulted in a "point-out" identification of the defendant. The Supreme Court concluded that the defendant was not entitled to a *Wade* hearing because there had been no "police-arranged" identification procedure. However, it is now established that canvassing a crime area in a police car is an "identification procedure undertaken at the deliberate direction of the State" *(People v Dixon,* 85 NY2d 218, 223). Accordingly, there must be a *Wade* hearing to inquire into the circumstances surrounding the complainant's identification *(see, People v Dixon, supra; see also, People v Brown,* 86 NY2d 728; *People v Robles,* 227 AD2d 309; *People v Corchado,* 225 AD2d 560).

There is no merit to the defendant's further claim that the Supreme Court erred in summarily denying his motion to suppress evidence obtained as a result of his arrest. Although a motion to suppress evidence as the fruit of an unlawful arrest must be supported by "sworn allegations of fact" (CPL 710.60 [1]), here the defendant's moving papers alleged only that he was standing in a public street when placed under arrest by officers who had not seen him engaged in any criminal activity. Contrary to the defendant's contention, these vague and conclusory allegations were insufficient to warrant a *Dunaway*

hearing *(see, People v Mendoza,* 82 NY2d 415; *People v Williams,* 228 AD2d 268; *People v Chavous,* 204 AD2d 475).

In view of the foregoing, we do not address the defendant's remaining contentions at this juncture. Miller, J. P., Altman, Krausman and Goldstein, JJ., concur.