■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT D. CHARLES, SR., Appellant. [655 NYS2d 459] —White, J. Appeal from a judgment of the County Court of Essex County (Berry, J.), rendered July 28, 1995, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

On October 3, 1994, defendant called the Marion County Sheriff's office in Ocala, Florida, stating that he was going to commit suicide in a motel located in Silver Springs, Florida. The police responded and engaged defendant in crisis negotiation for four hours. During the negotiations, defendant pointed a .38-caliber revolver at the police on two occasions before surrendering. When he surrendered, the weapon was confiscated and defendant was transported to a mental health facility in Florida where he remained until released on October 7, 1994. On October 10, 1994, the New York State Police contacted the Florida authorities to advise them that defendant was a suspect

in a triple murder involving his wife and two children. Later that day, the Florida police arrested defendant on a charge of aggravated assault stemming from the October 3, 1994 incident (*see,* Fla Stat Annot § 784.021). Subsequently, defendant was returned to New York where a 36-count indictment was returned against him charging him with, *inter alia,* three counts of murder in the second degree. In the course of the pretrial proceedings, defendant's motion to suppress the seizure of the .38-caliber revolver was denied without a hearing. Ultimately, defendant, pursuant to a plea bargain, entered a plea of guilty to one count of murder in the second degree in full satisfaction of the entire indictment for which he received a prison sentence of 25 years to life. He now appeals.

Defendant's sole argument is that County Court erred in denying his motion without a hearing. Aside from the fact that defendant waived his right to appeal as part of the plea bargain, his appeal has no merit. It is well settled that a suppression motion may be summarily denied where no legal basis for suppression is presented to the court or if the factual predicate for the motion is insufficient as a matter of law (*see, People v Dixon,* 85 NY2d 218, 221). Inasmuch as the undisputed facts establish that the warrantless seizure of the weapon on October 3, 1994 was justified under the plain view doctrine (*see, People v Diaz,* 81 NY2d 106, 110), the summary denial of defendant's motion was proper.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.