■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TERRENCE RUSH, Respondent. [658 NYS2d 356] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Appelman, J.), dated May 6, 1996, as granted that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

In ruling upon the defendant's omnibus motion, the hearing court initially granted the sixth branch of the motion only to the extent that "a *Wade* hearing will be held prior to trial". In accordance with the court's order, a *Wade* hearing was

subsequently conducted at which the People adduced proof pertinent to the identification procedures which had been utilized, i.e., a photographic array and a lineup.

After the hearing was completed, the court issued a written decision concluding that the identification procedures were neither suggestive nor illegal. However, the court granted suppression on the ground that the People failed to demonstrate that the defendant's arrest was supported by probable cause. In the colloquy which ensued after the court issued its ruling, the prosecutor unsuccessfully argued that the hearing had been limited by the court to *Wade* issues and that the People were unfairly surprised by the court's decision to suppress on the entirely distinct ground that the People failed to establish probable cause for the defendant's arrest. We reverse.

In *People v Dixon* (85 NY2d 218, 222), the Court of Appeals stated that "the purpose of a *Wade* hearing is to test identification testimony for taint arising from official suggestion during 'police-arranged confrontations between a defendant and an eyewitness' " (quoting *People v Gissendanner*, 48 NY2d 543, 552). Here, the court's initial ruling limited the scope of the hearing, and the People's corresponding burden of proof thereat, by granting the defendant a *Wade* hearing, i.e., by granting a hearing whose purpose is "to test identification testimony for taint arising from official suggestion" (*People v Dixon, supra,* at 222). In reliance upon the court's order, the People presented witnesses and evidence relevant to the legality of the identification procedures utilized. There is nothing in the record demonstrating that the People were ever apprised of, or should have been aware that, the court would be ruling on probable cause issues after granting a *Wade* hearing. Inasmuch as the People were not given notice that the issue of probable cause would also be considered at the hearing, the court erred in premising its suppression ruling on this ground (*cf., People v Mezon,* 80 NY2d 155, 160).

Accordingly, and upon the consent of the People, the matter is remitted for a *Dunaway* hearing, at which the People may present evidence on the issue of probable cause (*cf., People v Crandall,* 69 NY2d 459, 462; *People v Havelka,* 45 NY2d 636, 642-643). O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.