■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BRINSON, Also Known as CHRISTOPHE BRINSON, Appellant. [753 NYS2d 740] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered July 14, 2000, convicting him of robbery in the second degree, robbery in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Flaherty, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and determine the issues raised in that branch of the defendant's omnibus motion which was to suppress identification testimony, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.

The Supreme Court erred in denying that branch of the defendant's omnibus motion which was to suppress identification testimony without holding a hearing thereon, upon its determination that there was no police-arranged identification procedure. The complainant and a witness identified the defendant after a canvass of the area where the crime occurred, while in a patrol car. Such a canvass constitutes an "identification procedure * * * [undertaken] at the 'deliberate direction of the State'" (*People v Dixon*, 85 NY2d 218, 223, quoting *People v Newball*, 76 NY2d 587, 591). Therefore, a *Wade* hearing (*see United States v Wade*, 388 US 218) must be held to inquire into the circumstances surrounding the identification (*see People v Dixon, supra; People v Alers*, 234 AD2d 310), and the appeal shall be held in abeyance pending a determination by

the Supreme Court, Queens County. Florio, J.P., Friedmann, Cozier and Mastro, JJ., concur.