People v Gami (2021 NY Slip Op 50385(U))

[*1]

People v Gami (Rajesh)

2021 NY Slip Op 50385(U) [71 Misc 3d 134(A)]

Decided on April 30, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 30, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570131/20

The People of the State of New 
 York, Respondent,
against
Rajesh Gami,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Angela J. Badamo, J.), rendered January 23, 2020, after a jury trial, convicting him
of forcible touching (4 counts), sexual abuse in the third degree (4 counts), stalking in the third
degree, and endangering the welfare of a child, and sentencing him to concurrent prison terms of
8 months on the third-degree stalking and child endangerment counts, 6 months on the forcible
touching counts and 60 days on the third-degree sexual abuse counts, with a full and final order
of protection.

Per Curiam.
Judgment of conviction (Angela J. Badamo, J.), rendered January 23, 2020, affirmed. The
matter is remitted to Criminal Court for further proceedings pursuant to CPL 460.50(5).
The verdict was not against the weight of the evidence (see People v Danielson, 9
NY3d 342 [2007]). There is no basis to disturb the jury's determination crediting the 16 year-old
victim's testimony that defendant subjected her to sexual contact on the subway in separate
incidents over several weeks, including twice pressing his hand against her vagina for several
seconds, and pressing his hand against her buttocks on another occasion (see People v Lopez, 168 AD3d
418, 419 [2019], lv denied 33 NY3d 1033 [2019]). In another incident, defendant
expressly requested that another passenger move so that he could sit next to the victim, and then
began touching her by pressing his hand into her rib cage, near her breast (see People v Sene, 66 AD3d 427,
427-428 [2009], lv denied 13 NY3d 941 [2010] ["since intimacy is a function of behavior
and not merely anatomy, the manner and circumstances of the touching should also be
considered, and we reject defendant's argument that to do so would conflate the sexual
gratification element with the issue of whether a body part is an intimate part"] [internal
quotation marks and citation omitted]).
The court providently exercised its discretion in limiting the cross-examination of a police
witness about a prior lawsuit against him alleging misconduct (see People v Smith, 27
NY3d 652 [2016]). Although defense counsel was afforded ample scope to impeach the officer's
credibility, including questions related to false arrests and the absence of probable cause, counsel
never asked those questions. The limited lines of inquiry that the court restricted involved
collateral matters that would have required the jury to understand the specific issues involved in
the civil suit, such as gravity knives and the manner in which they open (see People v
McFaline, [*2]167 AD3d 465, 466 [2018]).
Defendant's motion to suppress identification testimony was properly denied. Although the
victim's identification of the defendant on the subway platform after the final incident was the
result of a police-arranged procedure (see People v Dixon, 85 NY2d 218, 223 [1995]),
that identification was spontaneous and not unduly suggestive. As found by the hearing court, the
victim was the first person who "spotted defendant" on the subway platform, after which she
stared at and focused her attention on him. When the officer merely pointed out defendant, who
matched the photo and description given by the victim, the victim immediately "nodded" and
"confirmed" that defendant, who was "not handcuffed, in custody or otherwise made to appear to
be a suspect," was the individual who sexually abused her (see People v Gaines, 196
AD2d 740 [1993], lv denied 82 NY2d 849 [1993]; see also People v Clark, 85
NY2d 886 [1995]). 
In any event, were we to find that any of the court's rulings challenged on appeal were
erroneous, we would find the error to be harmless in view of the overwhelming evidence of
defendant's guilt on the criminal charges (see generally People v Crimmins, 36 NY2d 230
[1975]).
We perceive no basis for reducing the sentence.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: April 30, 2021