People v Krinsky (2025 NY Slip Op 50386(U))

[*1]

People v Krinsky

2025 NY Slip Op 50386(U)

Decided on March 26, 2025

Criminal Court Of The City Of New York, Kings County

Berman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 26, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Pery Krinsky, Defendant.

Docket No. CR-037111-24KN

Tehilah H. Berman, J.

Defendant Pery Krinsky ("defendant") was charged with animal cruelty in violation of Agricultural Markets Law ("AM")§ 353. An occupant in the apartment building where defendant resided reported to NYC311 anonymously that defendant lifted his dog "Kelev" with a leash and then swung Kelev head first into a wall, and an another occasion, grabbed Kelev by its harness and flung him against the ground. Det. Melanie Cespedes was sent to the location and was shown video footage of these occurrences, and an unnamed occupant in the building then identified defendant as the perpetrator upon being shown two videos. Det. Despedes shared the surveillance video with ASPCA Doctor Robert Reisman, the supervisor of Forensic Sciences at ASPCA NYC. Dr. Reisman concluded that defendant's actions would have caused the dog severe paid and likely caused soft tissue injuries. Defendant was then arrested on suspicion of torturing animals, in violation of AM § 353. He was arraigned on September 10, 2024.
Defendant moves to suppress the evidence of the defendant's identification pursuant to Criminal Procedure Law ("CPL") § 710.60(2), or in the alternative, requests a Wade hearing pursuant to CPL § 710.60(4). Defendant claims that the videos were displayed in a manner that was unnecessarily suggestive and conducive to a substantial likelihood of irreparable misidentification, and that this violated his federal and constitutional right to due process under the Firth and Fourteenth Amendments to the U.S. Constitution, and state constitutional rights under Article One, Section Six. The People deny arranging the viewing of the videos by the witness but in contradiction state:
"On January 27, 2024, Detective Melanie Cespedes responded to the above location, and was showed the video that depicted the above-described actions. The unnamed witness also identified the defendant. Detective Cespedes further shared the surveillance video with ASPCA Docter Rober Reisman..." 
The People also contend that defendant's motion to suppress or for a Wade hearing is untimely under CPL § 255.20 since the motion was filed more than 45 days after defendant's arraignment. 

A Wade hearing is meant to "test identification testimony for taint arising from official suggestion during police-arranged confrontations between a defendant and an eyewitness." People v Dixon, 85 NY2d 218, 222 (1995); People v. Kilgore, 218 AD3d 1054, 1056 (3d Dept. 2023). It is undisputed that the unnamed witness was shown the videos by the police, indicating that this was a confrontation arranged for the distinct purpose of identifying defendant as the [*2]perpetrator of the alleged animal cruelty. Id., at 223. The Court of Appeals has held that showing even one photograph of a defendant "carries the risk of undue suggestiveness and entitles defendant to a Wade hearing." People v. Marshall, 26 NY3d 495, 506 (2015). By extension, the showing of two videos of defendant to the prosecution witness carries even greater risk of undue suggestiveness and entitles defendant to a Wade hearing. 
Pursuant to CPL § 255.20(3), any "pre-trial motion made after the forty-five day period may be summarily denied, but the court, in the interest of justice, and for good cause shown, may, in its discretion, at any time before sentence, entertain and dispose of the motion on the merits." The court action sheet indicates that on February 3, 2025 a motion schedule was set, and that defendant had until February 19, 2025 to file a motion to a Wade hearing. Defendant, in compliance, filed the motion on February 4, 2025. The People should now be precluded from claiming that it was untimely. Furthermore, the "basic concern with respect to pretrial visual identifications has been to eliminate or minimize the risk of convicting the innocent," and "the risk is greatest ... in those cases where the police have resorted to suggestive visual identifications at the pretrial stage." People v. Collins, 60 NY2d 214, 218 (1983). In the interest of justice, and for good cause shown, namely defendant's constitutional right to a fair and non-suggestive identification procedure, this court grants defendant's application for a Wade hearing. This constitutes the decision and order of the court.
Dated: March 26, 2025
Hon. Tehilah H. Berman
Judge, Criminal Court