■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. MOORE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Samenga, J.), rendered February 8, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The warrantless search of the room the defendant shared with 12-year-old Rodney Moore in the apartment of Louise Moore was proper, as Louise Moore gave her consent to the police for their search *(see, People v Adams,* 53 NY2d 1, 8, *cert denied* 454 US 854; *People v Cosme,* 48 NY2d 286, 290). The defendant failed to satisfy his burden of proof concerning his contention that the police influenced witness Nettie Tyson into identifying him in court as the man she saw shooting the decedent Robert Smith *(see, People v Jackson,* 108 AD2d 757), and the hearing court properly permitted that identification to be made.

The defendant's contention that the trial court's charge to the jury was inadequate was not preserved for appellate review *(see,* CPL 470.05), and in any event, is without merit *(see, People v Whalen,* 59 NY2d 273, 279; *People v Culhane,* 45 NY2d 757, 758, *cert denied* 439 US 1047; *People v Beasley,* 114 AD2d 415, 416, *lv denied* 66 NY2d 917).

Under the facts of this case, where the defendant shot the victim four times at close range, the trial court correctly denied the defendant's request that the lesser included offenses of manslaughter in the first degree and second degree be submitted to the jury *(see, People v Green,* 56 NY2d 427, 430, *rearg denied* 57 NY2d 775; *People v Chun Huen Lam,* 131 AD2d 584; *People v Flores,* 113 AD2d 899, *lv denied* 66 NY2d 919).

The issues raised by the defendant in his supplemental *pro se* brief are either unpreserved for appellate review, or without merit. Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.