■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOO WAT CHEUNG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered January 7, 1985, convicting him of murder in the second degree, attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing consecutive indeterminate sentences of 25 years to life for the murder and 12½ to 25 for the attempted murder and a sentence of 5 to 15 years for the assault to run concurrently with the sentence imposed on the attempted murder count.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the minimum term of the sentence for attempted murder in the second degree from 12½ to 8⅓ years; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to convict the defendant of the crimes charged. Despite being shot five times, the victim Mary Wong survived to identify the defendant as her attacker and as 1 of 2 men who shot her boyfriend to death in the bedroom of

their apartment. The defendant's contention that this single eyewitness's testimony was too contradictory to support his conviction *(see, People v Jackson,* 65 NY2d 265) is without merit. We note that the defendant's own testimony placed him in the apartment at the time of the shootings.

The court did not err in refusing to charge the lesser included offenses of manslaughter in the first and second degrees. In considering a request to charge lesser included crimes, the evidence should be viewed in the light most favorable to the defendant *(see, People v Martin,* 59 NY2d 704). Here the defendant's testimony, if believed, would not support a manslaughter charge since he denied firing a gun and blamed the shootings on others in the apartment that morning. In addition, there is no reasonable view of the People's evidence from which the jury could find that the defendant's intent was to cause the victim serious physical injury or that he acted recklessly in causing the victim's death *(see, People v Green,* 56 NY2d 427, *rearg denied* 57 NY2d 775). The evidence that the victim was shot 11 times is sufficient to prove beyond a reasonable doubt that the defendant's intent was to cause death *(see, e.g., People v Milea,* 112 AD2d 1011, *lv denied* 66 NY2d 921).

The imposition of consecutive sentences is legally permissible where serious injury to one victim and the shooting of the other are separate acts *(see, e.g., People v Truesdell,* 70 NY2d 809; *People v Sanchez,* 131 AD2d 606, *lv denied* 70 NY2d 717). The imposition of consecutive sentences on this defendant was not unduly harsh and excessive in view of the evidence that the shootings were in the nature of cold-blooded executions. However, attempted murder in the second degree was erroneously considered an armed felony when sentence was imposed. We therefore reduce the sentence on that count to 8⅓ to 25 years *(see, People v Battles,* 117 AD2d 509, *lv denied* 68 NY2d 665).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.