■ The People of the State of New York, Respondent, v Carlos Flores, Appellant.—Judgment, Supreme Court, Bronx County (Nicholas Figueroa, J.), rendered October 14, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the seventh degree and criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to an unconditional discharge on the possession conviction and to an indeterminate prison term of from 4½ to 9 years on the sale conviction, is unanimously affirmed.

Defendant sold narcotics to an undercover police officer during a buy and bust operation. The police officer radioed the defendant's description to the backup team. The officer's partner also witnessed the transaction. Both officers identified the defendant as the person who sold the narcotics. However, the defendant had entered a building just prior to the arrest and, when arrested, the officers did not find the prerecorded "buy" money on defendant's person.

Defendant's sole contention on appeal is that the prosecutor's summation comments deprived him of a fair trial. In this regard, it is first claimed that the prosecutor misled the jury when he stated that the sole issue was whether the defendant sold drugs since at trial the defense was one of misidentification. However, the prosecutor's statement cannot be so narrowly construed as to preclude consideration of the identification issue and, in fact, the statement necessarily includes such consideration. Moreover, the defense summation employed similar language in narrowing the issues for the jury.

Also without merit is defendant's contention that the prosecutor vouched for the arresting officer's credibility when he stated that if the case was a "frame" this officer would have testified that he saw the drugs. The statement may not be fairly interpreted as improper vouching and was fair response to the defense summation (see, People v Morgan, 66 NY2d 255, 259). Defendant's reliance on People v Beckford (138 AD2d 613) is entirely misplaced since in that case numerous comments were found to be erroneous, as well as other errors which led to a reversal of the judgment of conviction.

Finally, while we agree that the prosecutor's statement that defendant was acting as a "businessman" was improper *(see, People v Blackman,* 88 AD2d 620, 621) since defendant was charged with only one sale, the error was harmless *(People v Crimmins,* 36 NY2d 230) since we find the evidence of defendant's guilt was overwhelming. Concur—Kupferman, J. P., Ross, Asch, Ellerin and Rubin, JJ.