■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EGBERT CAMPBELL, Appellant.—Judgment, Supreme Court, Bronx County (Fred W. Eggert, J.), rendered April 28, 1986, convicting defendant, after a jury trial, of murder in the second degree and sentencing him to an indeterminate term of imprisonment of from 15 years to life, unanimously affirmed.

Viewing the evidence in a light most favorable to the prosecution *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we find it legally sufficient to establish the defendant's guilt beyond a reasonable doubt, and we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). An eyewitness testified that she saw defendant shoot at the complainant as he ran out of the Lucky Charms Club. This testimony was corroborated by the fact that the decedent died from a single gunshot wound to the back. In assessing the credibility of the witnesses, the jury was entitled to reject the defense in favor of the prosecution's evidence *(People v Parks,* 41 NY2d 36, 47). Furthermore, contrary to defendant's contentions, the prosecution's evidence was legally sufficient to satisfy the element of causation of death (Penal Law § 125.00).

In addition, since defendant specifically objected to the court charging manslaughter in the second degree as a lesser included offense, defendant has waived his present argument that the court erred in failing to so charge. (CPL 300.50 [1]; 470.05 [2]; *People v Buckley,* 75 NY2d 843.) In any event, there was no reasonable view of the evidence that would support a finding that defendant committed manslaughter (CPL 300.50 [1]; *People v Boo Wat Cheung,* 141 AD2d 556, *lv denied* 72 NY2d 1043). Concur—Murphy, P. J., Carro, Ellerin, Wallach and Smith, JJ.