■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MORAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered November 5, 1987, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's argument that he was denied a fair trial as a result of the court's refusal to submit to the jury the charge of manslaughter in the second degree *(see,* Penal Law § 125.15 [1]) as a lesser included offense of the second degree murder charge contained in the indictment. The evidence adduced at trial established that during an altercation between two families following a schoolyard fight involving daughters of the respective families, the defendant produced a gun which he fired three or four times at the decedent at close range. Indeed, according to the testimony of one eyewitness, the defendant stood over his fallen victim and shot her in the head. Such conduct does not lead to a reasonable view of the evidence to support a finding that the defendant acted recklessly when he shot the decedent *(see,* CPL 300.50 [1]; *People v Ochoa,* 142 AD2d 741; *People v Boo Wat Cheung,* 141 AD2d 556; *People v Moore,* 135 AD2d 839; *People v Quintana,* 135 AD2d 752). Moreover, even accepting as true the defendant's unlikely theory that he shot and killed the

decedent while he was returning fire at the decedent's husband, who was also armed with a gun, there was still no reasonable view of the evidence to support the conclusion that the multiple gunshot wounds sustained by the decedent were inflicted recklessly *(see, People v Williams,* 161 AD2d 825; *People v Medina,* 136 AD2d 572).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.