OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
It was reversible error for the trial court to submit to the jury a verdict sheet which, in addition to enumerating the crimes charged and possible verdicts, instructed the jury on the order in which the charges should be considered and the effect of a determination that the prosecution failed to disprove justification. Pursuant to CPL 310.20, a deliberating jury may be provided with a written list itemizing the offenses charged and the possible verdicts thereon. Without the parties’ consent, it was error in this case to submit a verdict sheet that recited more (see, People v Taylor, 76 NY2d 873; People v Nimmons, 72 NY2d 830). Such an error created a risk that the jury’s deliberative process would be "unfairly skewed” (People v Taylor, supra, at 874). Because the ultimate guilt determination was brought into question, such an error cannot be considered harmless (see, People v Brooks, 70 NY2d 896, 898; People v Owens, 69 NY2d 585, 591-592).
Chief Judge Wachtler and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Yesawich, Jr.,* concur; Judge Simons taking no part.
Order affirmed in a memorandum.

 Designated pursuant to NY Constitution, article VI, § 2.