■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PYMM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered May 28, 1991, convicting him of conspiracy in the fifth degree, falsifying business records in the first degree, assault in the second degree, and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

Viewing the evidence adduced at trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find that the verdict was not

against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Althorne,* 155 AD2d 604).

Nevertheless, the defendant is entitled to a new trial, on the ground that over defense objection, a verdict sheet containing portions of the indictment was submitted to the jury. This constitutes reversible error *(see,* CPL 310.30; *People v Sotomayer,* 79 NY2d 1029; *People v Nimmons,* 72 NY2d 830).

We have considered the defendant's remaining arguments, including, *inter alia,* those directed to the jurisdiction of the Supreme Court, Kings County, to prosecute him for the crimes set forth in the indictment, the admission into evidence of the hospital records of Vidal Rodriguez, and the exclusion of the testimony of the defendant's expert witness Ronald Bielinski, and find them to be without merit *(see,* CPL 20.40; *People v Cohen,* 50 NY2d 908, 910; CPLR 4518 [a]). Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.