■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS KRESS, Appellant. [597 NYS2d 124] —Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered January 29, 1992, convicting him of criminal mischief in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726) and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the defendant is directed to produce himself, forthwith before the County Court, Nassau County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the

defendant on his own recognizance, or fixing bail, or committing him to the custody of the Sheriff pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf.,* CPL 210.45 [9]); the securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury; (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury; (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof; or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the County Court, Nassau County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury. The facts have been considered and are determined to have been established.

We find that the trial court committed reversible error by submitting to the jury, over defense counsel's objections, a verdict sheet which listed not only the crimes the jury was to consider and the possible verdicts thereon *(see,* CPL 310.20 [2]), but also some of the elements of those crimes *(see, People v Sotomayer,* 79 NY2d 1029; *People v Taylor,* 76 NY2d 873; *People v Williams,* 186 AD2d 164). We note, moreover, that such an error is not subject to harmless error analysis *(see, People v Sotomayer, supra; People v Jackson,* 148 AD2d 750).

Furthermore, we note that it was error for the court not to permit defense counsel to fully cross-examine one of the People's witnesses, Mariano Leonardi, about his personal interest in the outcome of this case *(see, People v Hudy,* 73 NY2d 40, 56). Also, upon any retrial, the court should redact from the tape recording of telephone messages left on the complainant's answering machine following the subject incident any messages not attributable to the defendant. Sullivan, J. P., Balletta, Lawrence and Eiber, JJ., concur.