■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN ANDUJAR, Appellant. [609 NYS2d 205] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered March 13, 1992, convicting defendant, after jury trial, of burglary in the second degree and possession of burglar's tools, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 7½ to 15 years and 1 year, respectively, unanimously affirmed.

The trial court appropriately exercised its discretion in denying defendant's motion for a mistrial and giving a prompt and direct curative instruction following the unsolicited remark of an expert witness that he recognized the technique of jamming a door lock (utilized herein) as one "generally used by the more experienced burglars" *(see, People v Ortiz,* 54 NY2d 288, 292). The subsequent jury inquiry as to whether defendant had a prior conviction likely was due to the curiosity aroused by the non-testifying defendant's repeated suggestion during trial that a witness, who acknowledged a prior burglary conviction, had in fact committed the burglary herein. Thus, the trial court again appropriately exercised its discretion in denying defendant's renewed mistrial motion and issuing a further direct curative instruction *(supra).* In any event, in light of the overwhelming evidence of defendant's guilt, it is unlikely that the verdict would have been different had the expert witness' statement not been made *(People v Crimmins,* 36 NY2d 230).

The one-sentence procedural direction included by the trial court on the verdict sheet, that the jury consider the second count only in the alternative to the first count, in no way served to unfairly emphasize any elements of the crimes charged, skew the deliberative process, or bring into question the ultimate guilt determination (cf., *People v Sotomayer,* 79 NY2d 1029).

Although defendant correctly cites a series of recent cases indicating that an annotated verdict sheet submitted without the parties' consent constitutes reversible error, all of the cited cases involve reference on the verdict sheet to some element of the crimes charged. In *Sotomayer (supra,* at 1030), the Court held that it is reversible error for a trial court "to submit to the jury a verdict sheet which, in addition to enumerating the crimes charged and possible verdicts, instructed the jury on the order in which the charges should be considered and the effect of a determination that the prosecution failed to disprove justification". Although the *Sotomayer* Court *(supra,* at 1030) noted that pursuant to CPL 310.20, "a deliberating jury may be provided with a written list itemizing the offenses charged and the possible verdicts thereon", and that without the consent of the parties "it was error in this case to submit a verdict sheet that recited more", the instant case is distinguishable from *Sotomayer.* Here, as the People argue, the one-sentence procedural direction included by the trial court on the verdict sheet, that the jury consider the second count only in the alternative to the first count, in no way served to unfairly emphasize any elements of the crimes charged, skew the deliberative process, or bring into question the ultimate guilt determination *(supra).* Rather, as also argued by the People, the simple procedural instruction herein merely directed the jury's attention to "the possible verdicts" on the charges submitted, in furtherance of the legislative directive of CPL 310.20 (2).

Similarly, there is no statutory bar to the trial court submitting to the jury a sample form of jury note that merely calls the jurors' attention to the need to direct any request to the court, to indicate the date and time of the request, and to set forth the specific request above the jury foreperson's signature. This simple procedural aid to the jury in no way implicated the elements of the crimes charged, nor called undue attention to any portion of the jury charge *(see, People v Owens,* 69 NY2d 585, 591). Concur—Rosenberger, J. P., Asch, Rubin, Williams and Tom, JJ.