■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CHAVOUS, Appellant. [611 NYS2d 903] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 2, 1992, convicting him of criminal possession of stolen property in the third degree and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence, identification testimony, and the defendant's statements to law enforcement authorities on the ground that his arrest was unlawful.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in summarily denying the branch of his omnibus motion which was to suppress physical evidence, identification testimony, and his statements to law enforcement authorities without conducting the Dunaway hearing which he had requested. In his affirmation in support of that branch of the defendant's motion, the defendant's counsel contended, "The officer arrested [the defendant], talking with two other individuals. The arresting officers did not observe the defendant commit any criminal act nor did they have any reasonably trustworthy

information which supported the conclusion that the defendant had committed a criminal act. The arrest was thus without probable cause and in violation of the defendant's constitutional rights."

We agree with the Supreme Court that the conclusory language in the defendant's moving papers fails to allege facts sufficient to support a legal basis for the branch of his motion in question (see, CPL 710.60 [3]; People v Mendoza, 82 NY2d 415, 430). Moreover, the People's contention that the defendant was arrested because he was sitting in a stolen vehicle and because he could not produce a driver's license, the vehicle's registration card, or the name of the vehicle's owner underscores the inadequacy of the defendant's submission (see, People v Mendoza, supra, at 431; People v Pavesi, 144 AD2d 392). We, therefore, find no error in the summary denial of the branch of the defendant's omnibus motion which was to suppress physical evidence, identification testimony, and the defendant's statements to law enforcement authorities on the ground that his arrest was unlawful. Thompson, J. P., Sullivan, Ritter and Friedmann, JJ., concur.