■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KANISHE WILLIAMS, Appellant. [644 NYS2d 194]

There is no merit to defendant's claim that a *Mapp* hearing was warranted by her allegation that the arresting officer did not, as he claimed, see her engage in criminal activity as he approached to arrest her. Such "allegations do not dispute the sufficiency of probable cause for [defendant's] arrest based on the earlier drug transaction with the undercover officer" (*People v Marte*, 207 AD2d 314, 316, *lv denied* 84 NY2d 937), as to which defendant's motion papers "merely disclaimed involvement in unlawful activity" (*Matter of Randy S.*, 222 AD2d 509, 510; *cf., People v Hightower*, 85 NY2d 988), and insofar as generating probable cause was concerned, defendant's conduct thereafter was "essentially irrelevant" (*People v Mendoza*, 82 NY2d 415, 431). Defendant's allegations that "the arresting officer was not acting on information received from any reliable informant", and did not have "any reasonably trustworthy information which supported the conclusion that the defendant committed a criminal act", were too conclusory to raise a factual issue warranting a hearing, as was her allegation, made in support of her motion for a *Wade* hearing, that "the description of the perpetrators given by the [undercover officer] was vague and contained insufficient detail to provide for a valid seizure of [her]" (*People v Berdecia*, 223 AD2d 444; *People v Chavous*, 204 AD2d 475, *lv denied* 83 NY2d 1002).

Defendant's claim that she was deprived of a fair trial by the prosecutor's summation is unpreserved as a matter of law and, in any event, without merit. The prosecutor's comments regarding steps the police could have taken to conceal paperwork errors or to fabricate the buy money that was not

recovered were properly responsive to defense summation comments that challenged the credibility of the police witnesses (*People v Aybar*, 162 AD2d 283, 285, *lv denied* 76 NY2d 937; *People v Flores*, 161 AD2d 483, *lv denied* 76 NY2d 788). Nor does the single instance in which the prosecutor exaggerated the extent to which defendant used drugs warrant reversal in the absence of an " 'obdurate pattern of inflammatory remarks' " (*People v D'Allessandro*, 184 AD2d 114, 118, *lv denied* 81 NY2d 884), and in the presence of overwhelming evidence of defendant's guilt. Concur—Sullivan, J. P., Ellerin, Kupferman, Williams and Mazzarelli, JJ.