■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY L. LOWE, Appellant. [656 NYS2d 1006] —Judgment unanimously affirmed. Memorandum: Defendant has not demonstrated that he was denied a fair trial by less than meaningful representation (*see, People v Flores*, 84 NY2d 184, 187; *People v Hobot*, 84 NY2d 1021, 1022). " '[A] simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after trial, does not suffice' to satisfy defendant's burden of establishing ineffective assistance of counsel" (*People v Brandon*, 237 AD2d 980 [decided herewith], quoting *People v Flores, supra*, at 187). Defendant was not deprived of his statutory right to a speedy trial. The People announced their readiness for trial within six months of the commencement of the criminal action (*see*, CPL 30.30 [1] [a]). The record does not support the contention that defendant was denied his constitutional right to a speedy trial (*see, People v Taranovich*, 37 NY2d 442, 445). County Court did not abuse its discretion in ruling that defendant could be cross-examined with respect to four prior convictions (*see, People v Moody*, 229 AD2d 936). By rejecting the court's offer to submit to the jury criminal possession of a controlled substance in the fifth degree as a lesser included offense, defendant waived his present contention that the court erred in failing to submit that charge (*see, People v Campbell*, 166 AD2d 183, *lv denied* 77 NY2d 837). The court properly permitted a prosecution witness to testify that defendant's appearance had changed in the three-day period between the crime and defendant's arrest (*see, People v Russell*, 79 NY2d 1024, 1025). Finally, the verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495), and the sentence is not unduly harsh or severe. (Appeal from Judg-

ment of Cayuga County Court, Corning, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.