■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRYSTAL EWING, Appellant. [671 NYS2d 210] —Judgment, Supreme Court, New York County (Renee White, J.), rendered July 18, 1995, convicting defendant, after a jury trial, of three counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to four concurrent terms of 6 to 12 years, unanimously affirmed.

We find that the jury's credibility determinations are supported by the record and that the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490, 495). Concur—Sullivan, J. P., Milonas, Rosenberger and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN WILLIAMS, Appellant. [671 NYS2d 211] —Judgment, Supreme Court, New York County (Alfred Donati, J.), rendered December 20, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 8 to 16 years, unanimously affirmed.

Summary denial of defendant's suppression motion was proper since defendant merely offered legal conclusions, which were insufficient to warrant a hearing (*see, People v Mendoza*, 82 NY2d 415; *People v Williams*, 228 AD2d 268, *lv denied* 88 NY2d 996). Defendant never addressed the alleged sale described in the felony complaint and voluntary disclosure materials.

The court's *Batson* rulings were proper. A trial court's findings regarding pretext are entitled to great deference on appeal (*People v Hernandez*, 75 NY2d 350, *affd* 500 US 352; *People v Wint*, 237 AD2d 195, *lv denied* 89 NY2d 1103) and we find no reason to disturb them herein.

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Milonas, Rosenberger and Andrias, JJ.