■ The People of the State of New York, Respondent, v Abel Garcia, Appellant. [672 NYS2d 762] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Lebowitz, J.), rendered July 11, 1996, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 714/96, upon his plea of guilty, and imposing sentence, (2) a judgment of the same court, also rendered July 11, 1996, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 1169/96, upon his plea of guilty, and imposing sentence, and (3) an

amended judgment of the same court, also rendered July 11, 1996, revoking a sentence of probation previously imposed by the same court (Beldock, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree under Indictment No. 10443/95.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on that branch of the defendant's omnibus motion under Indictment No. 1169/96 which was to suppress physical evidence seized from his person incident to his arrest, and the appeals are held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.

The allegations contained in the defendant's omnibus motion under Indictment No. 1169/96 were sufficient to raise a factual dispute concerning the validity of his arrest and the seizure of physical evidence from his person incident to that arrest (*see, People v Hightower,* 85 NY2d 988; *People v Wright,* 244 AD2d 517; *People v Bennett,* 240 AD2d 292). Accordingly, a hearing should have been granted on that issue, and the matter is remitted to the Supreme Court for that purpose.

However, as the Supreme Court found, the defendant failed to set forth a sufficient basis for suppression of crack cocaine found beneath garbage boxes in the vicinity of the defendant's arrest (*see, People v Mendoza,* 82 NY2d 415, 430; *Matter of Efrain R.,* 228 AD2d 303). Ritter, J. P., Goldstein, McGinity and Luciano, JJ., concur.