◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND CARDWELL, Appellant. [673 NYS2d 1013] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered December 18, 1995, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged in the indictment with murder in the second degree. The court charged the jury on manslaughter in the first degree as a lesser included offense. The defendant contends that the court erred in denying his request for a charge on manslaughter in the second degree as an additional lesser included offense of murder in the second degree. However, upon considering the evidence in a light most favorable to the defendant (*see, People v Martin,* 59 NY2d 704, 705;

*People v Battle,* 22 NY2d 323), there is no reasonable view of it that would support a finding that the defendant committed the lesser offense, but not the greater (*see, People v Ford,* 62 NY2d 275, 281; *People v Glover,* 57 NY2d 61, 63). The evidence shows that during the course of an argument with the unarmed victim, the defendant shot at him five times, at close range, hitting him in the back as he ran away. Under no view of the circumstances can it be said that the defendant's actions were "reckless" rather than intentional.

The verdict sheet that was submitted to the jury contained no reference to any of the elements of the crimes charged, and merely instructed the jury not to consider a lesser included offense unless the defendant was found not guilty of the charged offense (*see, People v Daughtry,* 202 AD2d 686; *People v Vargas,* 199 AD2d 291, 292). There was no risk that the deliberative process or the "ultimate guilt determination" of the jury was affected by the verdict sheet (*People v Duncan,* 206 AD2d 541; *see, People v Andujar,* 202 AD2d 316; *cf., People v Sotomayer,* 79 NY2d 1029; *People v Taylor,* 76 NY2d 873).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are without merit. Rosenblatt, J. P., Copertino, Santucci and Goldstein, JJ., concur.