■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WASHINGTON, Appellant. [799 NYS2d 217]—

Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered January 30, 2003, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a persistent felony offender, to a term of 20 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 15 years to life, and otherwise affirmed.

The court properly declined to submit petit larceny as a lesser included offense. There was no reasonable view of the evidence, viewed most favorably to defendant, that defendant did not steal a wallet from the victim's person, but instead only committed petit larceny by acquiring lost property (Penal Law § 155.05 [2] [b]). Nothing in the evidence supported a theory that the victim's wallet somehow fell out of his pocket and was picked up by defendant (*see People v Ortiz*, 272 AD2d 224 [2000]).

Similarly, the court properly precluded defendant from making a summation argument about the wallet falling out of the victim's pocket, since this argument was speculative and not based on any evidence or any reasonable inferences from the evidence (*see People v Tart*, 305 AD2d 137 [2003], *lv denied* 100 NY2d 624 [2003]). In any event, the court accorded defendant ample latitude in which to make essentially the same argument, and there was no violation of his right to make a summation and present a defense.

The court properly exercised its discretion in sentencing defendant as a persistent felony offender. The procedure under which defendant was adjudicated a persistent felony offender is not unconstitutional (*see People v Rivera*, 5 NY3d 61 [2005]; *People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). We find the sentence excessive to the extent indicated.

Concur—Tom, J.P., Andrias, Williams, Gonzalez and Catterson, JJ.