■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MONTERO, Appellant. [843 NYS2d 394]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 21, 2004, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (DiMango, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied, without a hearing, that branch of his omnibus motion which was to suppress physical evidence. "It is fundamental that a motion may be decided without a hearing unless the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue" (*People v Mendoza,* 82 NY2d 415, 426 [1993]; *People v Gruden,* 42 NY2d 214, 215 [1977]). Whether a defendant has raised factual issues requiring a hearing can only be determined with reference to the People's contentions (*see People v Mendoza,*

82 NY2d at 427). The motion may be determined on the papers alone if there is no dispute as to the underlying facts (*id*).

The defendant alleged in his motion papers that the police conducted a warrantless search of a vehicle, with his parole officer acting as a conduit for the police. However, the defendant failed to controvert or even address the People's contention that the search was initiated by his parole officer based on information provided by a confidential informant and that the police were called upon to assist the parole officer in the investigation. Therefore, the summary denial of the branch of the defendant's motion which was to suppress drugs and guns recovered from a vehicle was proper (*see People v Onega*, 1 AD3d 465 [2003]).

The defendant's claim that the trial court improperly admitted evidence of an uncharged crime is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Webb*, 1 AD3d 542 [2003]; *People v Prescott*, 300 AD2d 325 [2002]; *People v Currus*, 266 AD2d 468 [1999]). In any event, the claim is without merit.

The defendant's claim with regard to the prosecutor's summation is unpreserved for appellate review because he either failed to object or raised only general objections (*see* CPL 470.05 [2]; *People v Benson*, 38 AD3d 563 [2007]; *People v Garner*, 27 AD3d 764 [2006]; *People v Rivera*, 19 AD3d 620 [2005]; *People v Chellel*, 307 AD2d 974 [2003]). In any event, the comments alleged to be inflammatory and prejudicial were all either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]), responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]), or harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins*, 36 NY2d 230, 241 [1975]).

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt of criminal possession of weapon in the second degree as it related to a 9-millimeter Glock gun. It is clear from the record that had the defendant made a timely objection, the prosecution could have easily cured the deficiency by recalling the firearms expert and asking him if the gun was operable. In any event, the defendant's contention is without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Ritter, J.P., Santucci, Lifson and Dillon, JJ., concur.