■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERMIT HOLLOWAY, Appellant. [846 NYS2d 156]—

Judgment, Supreme Court, New York County (Carol Berkman, J., on suppression motion; Charles J. Tejada, J., at jury trial and sentence), rendered October 24, 2005, convicting defendant of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Although the prosecutor's summation contained improprieties, we find any error to be harmless in view of the overwhelming proof of defendant's guilt, which included evidence that the police saw defendant commit the crime and immediately recovered the victim's cell phone from defendant's person.

The court properly declined to submit petit larceny as a lesser included offense. There was no reasonable view of the evidence, viewed most favorably to defendant, that defendant did not steal the cell phone from the victim's person (*see People v Washington*, 21 AD3d 253 [2005], *lv denied* 5 NY3d 834 [2005], *cert denied* 546 US 1104 [2006]). Defendant's theory that the phone somehow fell out of the sleeping victim's pocket is both speculative and directly contradicted by the officers' observations. The only reasonable view was that defendant reached into the pocket and removed the phone, while dislodging and abandoning the victim's keys in the process of doing so.

The court properly denied the *Mapp/Dunaway* portion of defendant's suppression motion without a hearing since the allegations in his motion papers, when considered in the context of the information provided by the People, failed to raise a factual dispute requiring a hearing (*see People v Jones*, 95 NY2d 721 [2001]; *People v Mendoza*, 82 NY2d 415 [1993]). The felony complaint set forth, in great detail, the factual predicate for

defendant's arrest (*compare People v Bryant*, 8 NY3d 530 [2007]), and defendant's averments were insufficiently specific to entitle him to a hearing. Concur—Tom, J.P., Mazzarelli, Saxe, Marlow and Williams, JJ.