■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WRIGHT, Appellant. [863 NYS2d 253]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered September 14, 2005, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Hanophy, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the motion court properly denied, without conducting a *Dunaway* hearing (*see Dunaway v New York,* 442 US 200 [1979]), that branch of his omnibus motion which was to suppress his statements to law enforcement officials on the ground that his arrest was unlawful. The defendant's supporting papers were conclusory, and failed to set forth factual allegations sufficient to warrant such a hearing (*see* CPL 710.60 [3] [b]; *People v Mendoza,* 82 NY2d 415, 421-422 [1993]; *People v Alers,* 234 AD2d 310, 310-311 [1996]; *People v Chavous,* 204 AD2d 475, 475-476 [1994]). The defendant's contention that the People failed to provide him with information concerning the basis for his arrest is unpreserved for appellate review, as he never raised this argument before the motion court (*see People v Mendoza,* 82 NY2d at 432; *cf. People v Bryant,* 8 NY3d 530, 532 [2007]).

The defendant's contention that his constitutional right to confront witnesses was violated when the trial court allowed the People to elicit testimony from police witnesses implying that other nontestifying individuals had identified him as the perpetrator of the crime is without merit. The testimony was admitted not for the truth of the matter asserted, but to demonstrate how the police investigation evolved and to explain the sequence of events leading to the defendant's apprehension (*see Crawford v Washington,* 541 US 36, 59 n 9 [2004]; *People v Reynoso,* 2 NY3d 820, 821 [2004]; *People v Reyes,* 49 AD3d 565 [2008]; *People v Reynolds,* 46 AD3d 845 [2007]; *People v Dean,* 41 AD3d 495, 495-496 [2007]; *People v Leftenant,* 22 AD3d 603, 604-605 [2005]; *People v Ruis,* 11 AD3d 714, 714-715 [2004]).

The defendant contends that the prosecutor's summation deprived him of a fair trial. However, most of the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to the defense counsel's summation (*see People v Ashwal,* 39 NY2d 105, 109-110 [1976]; *People v Dick,* 48 AD3d 697 [2008]; *People v Simon,* 34 AD3d 852 [2006]). "To the extent that the prosecutor may have exceeded the bounds of permissible rhetorical comment, any error was harmless" (*People v Carter,* 36 AD3d 624 [2007]; *see People v Crimmins,* 36 NY2d 230 [1975]).

The trial court did not err in refusing to charge manslaughter in the second degree as a lesser-included offense of murder in the second degree. Viewing the evidence in the light most favorable to the defendant (*see People v Randolph,* 81 NY2d 868, 869 [1993]; *People v Martin,* 59 NY2d 704, 705 [1983]), no reasonable view of the evidence would support a finding that the de-

fendant acted recklessly when he shot the decedent (*see* CPL 300.50 [1]; *People v Cardwell,* 251 AD2d 342, 343 [1998]; *People v Moran,* 172 AD2d 779 [1991]; *People v Carosella,* 118 AD2d 865, 865-866 [1986]; *People v Smith,* 87 AD2d 640, 641-642 [1982]; *cf. People v Morel,* 213 AD2d 497, 497-498 [1995]).

The sentencing court providently exercised its discretion in denying the defendant's application, made at sentencing, to adjourn the sentencing (*see People v Perea,* 27 AD3d 960, 961 [2006]; *People v Davila,* 238 AD2d 625, 626 [1997]; *People v Bonadie,* 151 AD2d 686, 686-687 [1989]; *People v Santos,* 109 AD2d 901 [1985]).

The defendant's remaining contentions either are without merit or relate to harmless error. Rivera, J.P., Lifson, Santucci and Miller, JJ., concur.