■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE JENNINGS, Appellant. [972 NYS2d 104]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered December 10, 2009, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Efman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the matter is remitted to the County Court, Suffolk County, for a hearing and a new determination thereafter of that branch of the defendant's omnibus motion which was to suppress physical evidence, and the appeal is held in abeyance in the interim. The County Court, Suffolk County, shall file its report with all convenient speed.

The defendant was arrested and charged with, among other things, criminal possession of a weapon in the second and third degrees after police officers approached a vehicle which he had just exited and, shortly thereafter, recovered a gun which he allegedly threw to the ground in the vicinity of the vehicle. The County Court denied that branch of the defendant's omnibus motion which was to suppress the gun without conducting a hearing.

A motion to suppress evidence must state the grounds of the motion and contain sworn allegations of fact supporting such grounds (*see* CPL 710.60 [1]; *Matter of Shaundale W.*, 82 AD3d 1254, 1255 [2011]; *People v Wright*, 54 AD3d 695, 696 [2008]). "It is fundamental that a motion may be decided without a hearing unless the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue" (*People v Montero*, 44 AD3d 796, 796 [2007] [internal quotation marks omitted]; *see* CPL 710.60 [3] [b]; *People v Wright*, 54 AD3d at 696). In testing the sufficiency of a defendant's factual allegations, a court should consider "(1) the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) defendant's access to information" (*People v Mendoza*, 82 NY2d 415, 426 [1993]).

Here, the allegations in the defendant's papers, when considered in the context of the information provided by the People, raised a factual dispute requiring a hearing (*cf. People v Holloway*, 45 AD3d 477, 477 [2007]). Contrary to the People's contention, the defendant's motion papers contained the requisite sworn allegations of fact (*see People v Mendoza*, 82 NY2d at 428; *cf. People v Gadsden*, 273 AD2d 701, 701 [2000]). Moreover, the defendant was not required to demonstrate that he had a legitimate expectation of privacy in the area where the gun was found (*see generally People v Ramirez-Portoreal*, 88 NY2d 99 [1996]), since, under both the defendant's and the People's versions of events, the dispositive issue was whether the gun was recovered as a direct result of unlawful police action (*see People v Boodle*, 47 NY2d 398, 402 [1979], *cert denied* 444 US 969 [1979]). In light of the foregoing, the County Court should not have denied suppression without conducting a hearing. Accordingly, we remit the matter to the County Court, Suffolk County, for a hearing and a new determination thereafter of that branch of the defendant's motion which was to suppress physical evidence.

We decide no other issues at this time. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.