Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered July 25, 2012, convicting defendant, after a jury trial, of grand larceny in the fourth degree (seven counts), criminal possession of stolen property in the fourth degree (seven counts) and auto stripping in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years on each of the grand larceny and possession of stolen property convictions, to run consecutively with a term of one year on the auto stripping conviction, unanimously modified, on the law, to extent of directing that all sentences be served concurrently, and otherwise affirmed.
Defendant did not preserve his claim that the larceny and stolen properly convictions were based on legally insufficient evidence, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supports the conclusion that the victim’s wallet was one of the items that defendant took from the victim’s car and discarded while fleeing, and defendant’s alternative explanations are implausible and unsupported by any evidence (cf. People v Washington, 21 AD3d 253 [1st Dept 2005], lv denied 5 NY3d 834 [2005], cert denied 546 US 1104 [2006]).
The court properly exercised its discretion in determining that counsel’s concern about a possibly sleeping juror did not warrant any inquiry. The court properly relied on its own observations, which established that the juror was not sleeping (see People v Sanabria, 266 AD2d 41, 42 [1st Dept 1999], lv denied 94 NY2d 884 [2000]).
*553 As the People concede, the definite sentence on the auto stripping conviction should run concurrently with the indeterminate sentences on the other convictions because of the merger provisions of Penal Law § 70.35.
Concur—Mazzarelli, J.P, Friedman, Saxe and Feinman, JJ.