■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR WHITE, Appellant. [28 NYS3d 423]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered October 9, 2014, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Lopez, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the matter is remitted to the Supreme Court, Queens County, for a hearing and a new determination thereafter of that branch of the defendant's omnibus motion which was to suppress physical evidence, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.

The defendant was arrested and charged with criminal possession of a controlled substance in the fourth degree based on allegations that, after police officers approached his location in their marked vehicle, they recovered a plastic bag containing cocaine which the defendant had thrown to the ground. In an affirmation in support of that branch of the defendant's omnibus motion which was to suppress the physical evidence, or for a hearing in connection therewith, the defendant's counsel affirmed that his client, although engaged in no unlawful activity, was approached and ordered to stop by police, that he was asked to produce identification, and that after he complied with this request, the police conducted a search which yielded the drugs. The Supreme Court denied that branch of the omnibus motion without a hearing. The defendant then moved for leave to reargue, and counsel clarified that a search of the defendant's person resulted in the recovery of the drugs, that the police had no reason to believe that the defendant was armed and dangerous, and that the search was not incident to a lawful arrest. The court, in effect, granted leave to reargue, and upon reargument, adhered to its original determination denying that branch of the omnibus motion without a hearing, reasoning that the factual allegations presented by the defense did not refute the prosecution's account that the defendant had thrown the bag of drugs away, thereby abandoning it.

A motion to suppress evidence must state the grounds therefor, and must recite sworn factual allegations which support those grounds (see CPL 710.60 [1]; Matter of Shaundale W., 82 AD3d 1254, 1255 [2011]; People v Wright, 54 AD3d 695, 696 [2008]). "It is fundamental that a motion may be decided without a hearing unless the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue" (People v Montero, 44 AD3d 796, 796 [2007] [internal quotation marks omitted]; see CPL 710.60 [3] [b]; People v Wright, 54 AD3d at 696). In reviewing the adequacy of a defendant's factual allegations, a court should consider "(1) the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) defendant's access to information" (People v Mendoza, 82 NY2d 415, 426 [1993]).

Here, the defendant's papers contained the requisite sworn allegations of fact which, when considered in the context of the information provided by the prosecution, raised a clear factual dispute warranting a hearing (*see People v Jennings*, 110 AD3d 738, 739 [2013]; *People v Garcia*, 250 AD2d 701, 702 [1998]; *People v Wright*, 244 AD2d 517 [1997]; *People v Ayarde*, 220 AD2d 519, 520 [1995]; *People v Lopez*, 212 AD2d 549, 550 [1995]). Accordingly, the denial of suppression without a hearing was error, and we remit the matter to the Supreme Court, Queens County, for a hearing and a new determination thereafter of that branch of the defendant's omnibus motion which was to suppress physical evidence. Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.