■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT GREEN, Respondent. [42 NYS3d 24]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered June 28, 2011, convicting defendant, after a jury trial, of burglary in the third degree, criminal mischief in the second degree, resisting arrest and two counts of aggravated unlicensed operation of a motor vehicle in the second degree, and sentencing him, as a second felony offender, to an aggregate term of three to six years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence demonstrated that defendant deliberately backed his car through the showroom window of a car dealership, which was closed at the time, after which he entered through the broken window and walked to a part of the premises containing valuable, movable property. Defendant's intent to commit a crime could be inferred from the circumstances of his entry and the absence of any evidence to suggest a noncriminal purpose for entering (*see People v Castillo*, 47 NY2d 270, 277-278 [1979]; *People v Gilligan*, 42 NY2d 969 [1977]). While there was some evidence to suggest that defendant was under the influence of drugs, this evidence did not show that he was intoxicated to the point of negating the intent required for burglary and criminal mischief (*see* Penal Law § 15.25).

The court gave defendant ample scope in which to argue in summation that he was under the influence of drugs during the crime, and the court only precluded a few assertions that

were unsupported by any evidence (*see People v Washington*, 21 AD3d 253 [1st Dept 2005], *lv denied* 5 NY3d 834 [2005], *cert denied* 546 US 1104 [2006]).

The prosecutor's summation comment was inappropriate and he should have avoided making the summation remark to which defendant objected on the ground of burden-shifting. However, the court's thorough instructions on the presumption of innocence and burden of proof were sufficient to prevent any undue prejudice (*see generally People v Davis*, 58 NY2d 1102, 1104 [1983]). Defendant's remaining challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Mazzarelli, J.P., Renwick, Richter, Manzanet-Daniels and Feinman, JJ.