People v Thomas (2022 NY Slip Op 02096)





People v Thomas


2022 NY Slip Op 02096


Decided on March 29, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2022

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Ind. No. 5030/16 Appeal No. 12996 Case No. 2019-4516 

[*1]The People of the State of New York, Respondent,
v
Anthony Thomas, Defendant-Appellant.


The Legal Aid Society, New York (Janet E. Sabel of counsel), and Gibson, Dunn & Crutcher LLP, New York (Shane Baumgardner of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered February 15, 2018, convicting defendant, after a jury trial, of burglary in the second degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second violent felony offender, to an aggregate term of eight years, unanimously affirmed. The matter is remitted to Supreme Court for surrender proceedings pursuant to CPL 460.50(5).
We previously held this appeal in abeyance pending a hearing on defendant's CPL 330.30 (2) motion to set aside the verdict on the ground of alleged misconduct by a juror (190 AD3d 652 [1st Dept 2021]). After the hearing, the court properly denied the motion. There is no basis to disturb the court's credibility determinations which are "entitled to great deference" (People v Pizarro, 24 AD3d 309, 312 [1st Dept 2005], affd 7 NY3d 840 [2006]), and defendant failed to demonstrate any misconduct. The juror testified unequivocally that the fact that she was from the same city and had attended the same university as the victim did not affect her ability to be impartial or influence her deliberations, and there was no other evidence of either actual or implied bias. There was no evidence of bad faith in the juror's actions following her receipt of a subpoena for certain social media messages. The juror also unequivocally testified that she had kept an open mind until deliberations and, as the court found, the hearing testimony of another juror did not warrant a different conclusion. We have considered and rejected defendant's remaining claims regarding the hearing.
Turning to the remaining issues raised, but not reached at the original stage of this appeal, we find, as to all elements, that the verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). We perceive no basis to disturb the jury's credibility determinations.
Defendant's knowingly unlawful entry was sufficiently established through circumstantial evidence (see e.g. People v Mercedes, 172 AD3d 599, 600 [1st Dept 2019], lv denied 33 NY3d 1071 [2019]). The victim testified that to her knowledge, defendant did not have permission to enter the building, and that she did not know him. Video evidence depicted defendant following the victim, although not conversing with her as she looked away from him, and the victim then raising her hand as if to block defendant when he approached her inside the entryway of the building. After defendant then stepped outside, he watched her for a period of time from outside of the building as she continued to look away from him. He then darted in as soon as she entered the building, even though the victim did not speak to or gesture toward defendant. Contrary to his contention, it could be readily inferred from the manner of his entry that defendant had not been granted permission to enter, and that he was aware of his lack of permission[*2].
Defendant's intent to commit a crime when he entered the building could also readily be inferred by the circumstances of his entry and his actions once inside (see e.g. People v Green, 144 AD3d 589, 589 [1st Dept 2016], lv denied 28 NY3d 1184 [2017]). The temporal proximity between defendant's unlawful entry and the taking of the victim's handbag provided ample basis for the jury to conclude that defendant entered the building with the intent to commit a crime once inside.
Defendant's legal sufficiency claim regarding the element of identity is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence in that respect (see People v Danielson, 9 NY3d at 348-349). The jurors viewed the surveillance video (and not just photos from that video), and their comparison of defendant's appearance with that of the man shown in the video provided a sufficient basis to establish the element of identity.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 29, 2022