[857 NE2d 51, 823 NYS2d 756]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE COSME PIZARRO, Appellant.

Argued September 6, 2006; decided September 21, 2006

#### APPEARANCES OF COUNSEL

*Center for Appellate Litigation*, New York City (*William A. Loeb* and *Robert S. Dean* of counsel), for appellant.

*Robert T. Johnson, District Attorney*, Bronx (*Peter D. Coddington* of counsel), for respondent.

#### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

After a jury trial, defendant was convicted of four counts of murder in the second degree, and sentenced to 75 years to life imprisonment. On this appeal, defendant asserts that the trial judge should have declared a mistrial. He claims that a juror concealed his personal knowledge about the case during jury

selection, sought to share outside-the-record information with his fellow jurors during deliberations, and, after the jury foreperson short-circuited and reported his attempted disclosures, lied to the trial court.

The trial judge conducted a day-long hearing to investigate the foreperson's allegations against the juror, whom the judge interviewed three times. The juror denied under oath possessing nonevidentiary knowledge about the case. The trial judge also questioned every other juror regarding the truth of the allegations. Based on his inquiries, the trial judge concluded that the juror did not have personal knowledge related to the case and had not tried to convey outside-the-record information to other jurors. Moreover, all 12 jurors assured the trial judge that they would decide the case impartially, based on the evidence alone. Observing that "[t]he trial court's credibility findings, made after hearing and viewing the jurors, are entitled to great deference," the Appellate Division decided that "the record supports the court's determination that there was merely a misunderstanding between [the juror], who was trying to express his opinions on the evidence, and some of the other jurors, who mistakenly interpreted his comments as indicating outside knowledge" (*People v Pizarro*, 24 AD3d 309, 312 [1st Dept 2005]). We must accept these affirmed factual determinations so long as they enjoy record support, which they do. The juror repeatedly disclaimed extrinsic knowledge, and the trial judge credited his denials, which were not as a matter of law contradicted by inconsistent accounts of what the juror said or speculation as to what he may have meant.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed in a memorandum.