People v Guillen (2021 NY Slip Op 06553)





People v Guillen


2021 NY Slip Op 06553


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Manzanet-Daniels, J.P., Oing, Moulton, González, JJ. 


Ind. No. 3568/13 Appeal No. 10824 Case No. 2017-1351 

[*1]The People of the State of New York, Respondent,
v
Carlos Guillen, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Katherine M. A. Pecore of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (EAllen Stanfield Friedman of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J. at jury trial and sentencing; Diane Kiesel, J. at postremand hearing), rendered September 29, 2016, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 25 years, unanimously affirmed.
We previously held this appeal in abeyance pending a hearing on defendant's CPL 330.30(2) motion to set aside the verdict on the ground of alleged misconduct by two jurors (179 AD3d 539 [1st Dept 2020]). After the hearing, the court properly denied the motion. There is no basis to disturb the court's credibility determinations, which are "entitled to great deference" (People v Pizarro, 24 AD3d 309, 312 [1st Dept 2005], affd 7 NY3d 840 [2006]).
The court properly found that defendant failed to show that any misconduct by the jury foreperson prevented her from being an impartial juror (see e.g. People v Lewie, 17 NY3d 348, 361-362 [2011]; People v Hightower, 186 AD3d 926, 931-932 [3d Dept 2020], lv denied 35 NY3d 1113 [2020]). The foreperson apparently started writing the note described in this Court's prior decision (179 AD3d at 539) during trial, given the crossed-out phrase at the beginning of the note, but she waited until after trial to finish the note and mail it to the People's trial preparation assistant. The juror testified about her fleeting observations of the assistant: she saw him fewer than five times during trial, did not see him doing anything other than handing folders to a prosecutor, never heard him speak in court, and did not remember ever seeing him in the courtroom. She further testified that she never contacted him or anyone else at the District Attorney's Office during trial, and never spoke with the trial preparation assistant. The foreperson testified that her attraction to the People's employee did not prevent her from paying attention to the trial or rendering a verdict based solely on the evidence. Although she admitted that she hoped her note "might lead to a date" and told her roommate about the attraction, she did not mention it to anyone else. These facts are distinguishable from the egregious circumstances presented in such cases as People v McGregor (179 AD3d 26, 31 [1st Dept 2019], lv denied 34 NY3d 1161 [2020] [juror's bias was "incurable" notwithstanding "assertions of impartiality"]). Here, there is no basis for a finding of actual or implied bias.
Defendant alleges that a second juror failed to disclose his acquaintance with a witness who testified at trial. However, the hearing court properly found that defendant failed to show that any such misconduct occurred "out of the presence of the court" (CPL 330.30[2]; see People v Thomas, 24 AD3d 1242, 1243 [4th Dept 2005], lv denied 6 NY3d 819 [2006]), or was "not known to" defendant before the jury rendered the verdict[*2](CPL 330.30[2]). In any event, although the relationship between the juror and witness was sufficient to warrant inquiry at the hearing, we decline to disturb the hearing court's finding that the juror credibly testified, that he did not recognize the witness's name when it was read during jury selection or recognize the witness during his testimony; that the juror followed the trial judge's instructions not to discuss any evidence with anyone; and that the juror did not become aware of his connection to the witness until after trial (see People v Pizarro, 24 AD3d at 312). We also decline to disturb the court's finding that the trial witness's testimony at the hearing exaggerated his relationship with the juror. Moreover, defendant failed to establish that any misconduct by that juror was prejudicial (see generally People v Rodriguez, 100 NY2d 30, 35 [2003]).
Turning to the remaining issues raised, but not reached at the initial stage of this appeal, we find no basis for reversal. "The court properly permitted the People to introduce evidence of uncharged physical confrontations between defendant and the victim before the incident at issue" (People v Greene, 162 AD3d 415, 415 [1st Dept 2018], lv denied 31 NY3d 1148 [2018]). "This conduct was relevant to defendant's motive and intent, and it provided necessary background . . . that tended to explain aspects of the victim's testimony that might otherwise have seemed less than believable to the jury" (id.). "Even if defendant's intent could be inferred from his behavior" of repeatedly shooting the victim at close range, the People "were not bound to stop after presenting minimum evidence" (People v McKenzie, 169 AD3d 557, 558 [1st Dept 2019], lv denied 33 NY3d 1033 [2019] [internal quotation marks omitted]). The probative value of this evidence exceeded its prejudicial effect, and the scope of this evidence was not so excessive as to deprive defendant of a fair trial.
Defendant failed to preserve his challenge to the court's jury instructions regarding the uncharged acts, and his claim that a detective's testimony about a video should have been excluded, and we decline to review these arguments the interest of justice. As an alternative holding, we find them unavailing. To the extent the record permits review, we likewise reject defendant's related claim that counsel rendered ineffective assistance.
In any event, we find, with regard to both the preserved and unpreserved issues, that any errors were harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021