People v Calderon (2024 NY Slip Op 02673)

People v Calderon

2024 NY Slip Op 02673

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Oing, J.P., González, Kennedy, Higgitt, O'Neill Levy, JJ. 

Ind. No. 472/18, 2222/18 Appeal No. 2264-2264A Case No. 2019-05368 

[*1]The People of the State of New York, Respondent,
v
Daniel Calderon, Appellant. 

Twyla Carter, The Legal Aid Society, New York (Katherine M.A. Pecore of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.

Judgments, Supreme Court, New York County (Michele Rodney, J.), rendered June 18, 2019, convicting defendant, after a jury trial, of aggravated criminal contempt (two counts), criminal contempt in the first degree (four counts), intimidating a victim or witness in the second degree, and tampering with a witness in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 3½ to 7 years on the criminal contempt and tampering counts, to run consecutively to a term of 7 years on the intimidating count, unanimously affirmed.
The court properly denied defendant's request for a mistrial based on alleged juror misconduct. The court conducted an adequate inquiry (see People v Buford, 69 NY2d 290, 299 [1987]), and the record supports the court's determination that there was no juror misconduct, but only a misunderstanding between two jurors, one of whom had misinterpreted comments by the other as suggesting that the latter had conducted outside research of defendant (see People v Pizarro, 24 AD3d 309, 312 [1st Dept 2005], affd 7 NY3d 840 [2006]). The alleged offending juror denied having engaged in independent research of defendant or the case, and the court's credibility determinations are entitled to great deference (see id.). By failing to object to the sufficiency of the court's inquiry, defendant did not preserve his claim that the court should have further inquired of other jurors to determine what had transpired and whether they had been influenced by the purported comments (see People v Colon, 187 AD3d 647, 649 [1st Dept 2020], lv denied 36 NY3d 1096 [2021]), and we decline to review it in the interest of justice. As an alternative holding, we find no basis to conclude that further inquiry was required. In any event, the court took adequate curative measures by admonishing the jury panel not to conduct any outside research or to read media coverage of the case (see People v Jimenez, 159 AD3d 574, 575 [1st Dept 2018], lv denied 31 NY3d 1118 [2018]).
We reject defendant's Brady argument, premised on the People's failure to provide him with a copy of a NYCHA housing transfer request that the District Attorney's office had submitted on behalf of the victims. Defense counsel was apprised of the letter and aware of any impeaching and exculpatory value it may have had (see generally People v LaValle, 3 NY3d 88, 110 [2004]). The record, including the trial court's in camera review of the letter, establishes that the letter contained no additional exculpatory evidence of which defendant was not already aware. The record also establishes that the letter contained no Rosario material to be disclosed (see generally People v Rojas, 29 AD3d 405, 406 [1st Dept 2006], lv denied 7 NY3d 794 [2006]; cf. People v Washington, 86 NY2d 189, 191-192 [1995]). In any event, there was no reasonable possibility that the result of the trial would have been any different if the letter itself had been provided (see People v McGhee, 36 [*2]NY3d 1063, 1065 [2021]).
The court properly denied defendant's request for an adverse inference instruction concerning the People's failure to preserve the recording of the 911 call. There was no bad faith on the People's part, and defendant was not prejudiced, as the Sprint report afforded him sufficient opportunity to impeach the victims' testimony (see People v Harley, 187 AD3d 549, 550 [1st Dept 2020], lv denied 36 NY3d 973 [2020]). Defendant's Brady argument concerning the recording is unavailing. Because he already had the Sprint report, the recording would have constituted additional cumulative evidence (see People v Jimenez, 142 AD3d 149, 161 [1st Dept 2016]). In any event, defendant has not established a reasonable possibility that the result of the trial would have been different if the People had produced the recording.
The prosecutor's opening statement remark suggesting that the order of protection issued in favor of the victims had no expiration date did not deprive defendant of a fair trial. Although the comment was improper, defendant was not prejudiced by it, given that the order of protection was produced at trial and reflected the expiration date, and in light of the court's instructions to the jury that opening remarks are not evidence. Defendant's remaining claims relating to prosecutorial misconduct are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024